Dora S. SIDELL, Appellant
(Claimant Below),

v.

REVIEW BOARD OF the INDIANA
EMPLOYMENT SECURITY
DIVISION (Agency Below),
and

Ford Aerospace and Communications,
Appellees.

No. 2–481A125.

Court of Appeals of Indiana,
Fourth District.

Dec. 1, 1981.

Gary E. Smith, Smith & Shaw, Connersville, for appellant.

Linley E. Pearson, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellees.

CONOVER, Judge.

This case involves an appeal from a decision of the Review Board of the Indiana Employment Security Division. The issue on appeal is whether the decision of the Board, adopting the conclusions of the referee, was contrary to law in denying claimant's Trade Readjustment Allowance benefits. Since we find the Board's decision is contrary to law, we reverse.

## TRADE ACT OF 1974

The appeal requires an interpretation of the phrase *weeks of employment* used in the Trade Act of 1974, 19 U.S.C. § 2101 *et seq.*, as applied through Indiana law. Pertinent portions of the Trade Act of 1974 relating to Trade Readjustment Allowances provide as follows:

"Payment of a trade readjustment allowance shall be made to an adversely affected worker covered by a certification under subpart A of this part who files an application of employment which begins after the date specified in such certification pursuant to section 2273(a) of this title, if the following conditions are met:

.     .     .     .     .

(2) Such worker had, in the 52 weeks immediately preceding such total or partial separation, *at least 26 weeks of employment* at wages of $30 or more in adversely affected employment with a single firm . . . ." (emphasis added)

19 U.S.C. § 2291.

"Except where inconsistent with the provisions of this part and subject to such regulations as the Secretary may prescribe, the availability and disqualification provisions of the State law—

(1) Under which an adversely affected worker is entitled to unemployment insurance (whether or not he has filed a claim for such insurance),

.     .     .     .     .

shall apply to any worker who files a claim for trade readjustment allowances."

19 U.S.C. § 2294.

"For purposes of this part—(10) the term 'State Law' means the unemployment insurance law of the State . . . ."

"(13) the term 'week' means a week as defined in applicable State law."

19 U.S.C. § 2319.

Therefore in determining the meaning of the term *weeks of employment* in 19 U.S.C. § 2291 we will look to the applicable State law, as required by 19 U.S.C. § 2294, to determine if the Review Board properly

denied appellant Sidell's claim for T.R.A. benefits.

## FACTS

Appellant Dora Sidell began working for the Ford Aerospace & Communications Corp. on September 18, 1978. She worked various weeks until she was laid off Friday June 22, 1979, at 12:00 midnight. Sidell was not subsequently recalled to work. Shortly thereafter she applied for her Trade Readjustment benefits. In applying for the benefits, she computed her weeks of employment as all weeks in which she worked during the normal five day work week. She claimed to have worked exactly 26 weeks, just qualifying her for the T.R.A. benefits.

Her request, however, was denied by the Employment Security Division because it determined that she had only worked 25 weeks and therefore did not meet the conditions of the Trade Readjustment Act. Thereafter a hearing was had before a referee, which confirmed the original denial of benefits. Sidell then appealed to the Review Board which affirmed the referee.

In affirming the Referee's decision the Review Board agreed that Sidell did not have the requisite 26 weeks of employment in the 52 weeks immediately preceding her separation. In doing so, the Board applied Ind.Code 22–4–2–14 and 640 I.A.C. 1–9–7 which define a *week* as a calendar week ending at midnight Saturday. *Chrysler Corp. v. Review Board*, (1950) 120 Ind.App. 425, 92 N.E.2d 565. Since Sidell did not work through Saturday midnight on June 23, 1979, but instead was laid off on Friday midnight June 22, it ruled that the last five days of her employment could not be counted toward her 26th week. Therefore it held she was not eligible for trade readjustment benefits.

## ISSUE

Sidell appealed to this court pursuant to IC 22–4–17–12.[1] She alleged the decision of

1. IC 22–4–17–12 provides in pertinent part:

"Either party to the dispute, the board or the director may, within thirty [30] days after no-

the Review Board was contrary to law in failing to correctly compute the weeks of her employment.

## DECISION

In ruling as they did, the Review Board used the term "week" synonymously with the phrase "week of employment." A week has been statutorily defined in the Indiana State Unemployment Compensation law, while a week of employment has not been defined. Appellee Review Board reasons that since the State did not define the term "week of employment" separately it did not intend a different result to occur when the two phrases were used.

The appellee correctly contends it is not within the power of the Review Board or this Court to make law. That duty has been assigned to the legislature. Further, appellees point out that where the legislature has clearly defined a word, that definition is binding upon this Court. We agree with appellees' statement of our powers. We disagree, however, that the legislature intended the terms "week" and "week of employment" to be synonymous.

■ While we do not engage in statutory interpretation when a statute's meaning is clear, *State ex rel Mental Health Commissioner v. Estate of Lotts*, (1975) 165 Ind.App. 347, 332 N.E.2d 234, we will do so when the statute is ambiguous or susceptible of more than one interpretation. *Grisell v. Consolidated City of Indianapolis*, (1981) Ind.App., 425 N.E.2d 247, 252. In construing a statute we must arrive at the apparent intention of the legislature, *Dague v. Piper Aircraft Corp.*, (1981) Ind., 418 N.E.2d 207, 210, and are required to prevent absurdity and hardship and to favor the public convenience. *Walton v. State*, (1980) Ind., 398 N.E.2d 667.

■ In determining this issue we use the established principle of construction that all language in a statute will be deemed to have been used intentionally. Words or clauses in a statute are to be treated as surplusage only in the absence of any other possible course. *Evansville-Vanderburgh County Department of Health v. Evansville Printing Corp.*, (1975) 165 Ind.App. 437, 332 N.E.2d 829, 833.

■ Using this principle, the words "of employment" necessarily must have a modifying effect upon the word "week." Congress could have left these words out of 19 U.S.C. § 2291. This would have allowed us to apply State law to the term "week," and thereby arrive at the same conclusion reached by the Review Board. Congress however did not do so. The words "of employment" were inserted into 19 U.S.C. § 2291 and we must therefore deal with this as an intentional usage.

■ When a word or phrase has not been otherwise defined it will be given its plain and ordinary meaning. *Trustees of Indiana University v. County Department of Public Welfare*, (1981) Ind.App., 426 N.E.2d 74, (petition for rehearing pending). While Webster's Third New International Dictionary, 1976, does not define the precise term "week of employment" it does define "work week", a similar term. A work week is defined as: "the hours or days of work in a calendar week."

■ A work week, then, is definitionally a smaller unit than a calendar week, and could be completed before Saturday midnight. Since the legislature has not specifically defined the phrase, we assume the legislature meant "week of employment" should be accorded its plain and ordinary meaning. By analogy to the phrase "work week," it would mean the hours or days of employment within a calendar week.

Furthermore, we find it persuasive that other jurisdictions, while not dealing with this precise issue, have given the term "week of employment" a separate meaning from the term "week." In New York, a claimant under the employment security act of that State tried to count as a week of

tice of intention to appeal as herein provided, appeal the decision to the Appellate Court [Court of Appeals] for errors of law under the

same terms and conditions as govern appeals in ordinary civil actions."

employment a week in which he had been paid for the Christmas holiday although he had done no work during that week. The New York Supreme Court specifically stated that a week of employment means "a week in which a claimant did some work in employment of an employer." *Roman v. Catherwood,* (1966) 25 A.D.2d 580, 581, 266 N.Y.S.2d 907, 908. In that case the emphasis was placed on the work done, rather than on the time period involved in defining the term.

The Wisconsin legislature has defined the meaning of week of employment in their statute. The statute reads:

"An employee's 'weeks of employment' by an employer means all those weeks within each of which the employee has performed any wage-earning services for the employer in employment subject to this chapter."

Wis.Stat. § 108.02(13) (1953).

Indiana, unfortunately, does not have a specific definition for week of employment, as New York and Wisconsin have. Therefore, in the absence of legislative intent that these words are to be employed in the statute with a given technical meaning, we will give them their plain, ordinary and usual meaning.

■ If we were to apply the definition of week, meaning a calendar week from Sunday to Saturday for the term week of employment, we would reach an absurd conclusion. We would necessarily have to conclude that Congress and the Indiana Legislature require a worker to work 25 weeks plus a final week extending through Saturday midnight before being eligible for T.R.A. benefits. The average 5 day, 40 hour worker who comes in on a Monday morning would have to work overtime to be eligible. A worker on a 3–11 shift who quits at 11:00 on Saturday night would not be eligible. A person who puts in 80 hours, but quits before 12:00 midnight Saturday night will not qualify. If the factory shuts down every Friday, the twenty-sixth week will not be counted. In short, unless that worker can juggle his work hours to coincide exactly with 12:00 midnight Saturday

night, his 26th week will not be counted if he is then laid off. This cannot be the intent the legislators had in providing trade adjustment benefits once a worker had completed 26 weeks of employment.

The Indiana Supreme Court has stated in *Helms v. American Security Co. of Indiana,* (1939) 216 Ind. 1, 22 N.E.2d 822, "statutes should be construed in the most beneficial way the language will permit to prevent absurdity, hardship, or injustice and to favor public convenience and oppose all prejudice of public interest." *Id.* 22 N.E.2d at 824.

This court held in *Renwanz v. Review Board of Indiana,* (1971) 148 Ind.App. 540, 267 N.E.2d 844, that the unemployment compensation law, like other social welfare laws, should be liberally construed. Likewise, the U.S. Court of Appeals for the First Circuit has said the Trade Act concerning adjustment assistance provisions, should be construed liberally as the Act is remedial in nature. *Fortin v. Marshall,* (1st Cir. 1979) 608 F.2d 525.

To limit the eligibility requirement of T.R.A. under Indiana law to those who have worked 26 calendar weeks would abrogate the remedial nature of the statute and work hardship on the claimant Dora Sidell.

■ While not mentioned in the hearing or in the decision by the referee or Review Board, appellee argues in its brief even if the last week's work could be counted, claimant still does not meet the statutory 26 week requirement. During the week of March 18–24 the claimant worked only two days. The record indicates that Mrs. Sidell had not been working for several weeks prior to this. The record does not provide us with information regarding the reason for unemployment, whether because of a personal leave or because of a general plant layoff. However, this Court finds persuasive the holding of a Wisconsin court in its interpretation of weeks of employment as those weeks within which the employee has performed *any* wage earning services. (emphasis added) *Fredricks v. Industrial Comm.,* (1958) 4 Wis.2d 519, 521, 91 N.W.2d

93, 95. During the week of March 18–24, Mrs. Sidell did perform some wage-earning services and earned over the $30 minimum set by statute. We therefore reject appellee's claim that this week should not be counted toward her 26 weeks of employment. Accordingly, the decision of the Review Board is reversed and remanded for further proceedings consistent with this opinion.

MILLER, P. J., and YOUNG, J., concur.