Emmett MERRIWEATHER, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 184S20.

Supreme Court of Indiana.

Oct. 28, 1986.

Rehearing Denied Dec. 18, 1986.

Susan K. Carpenter, Public Defender, Rick Ranucci, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Kenneth P. Williams, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

On May 19, 1981, the trial court accepted petitioner Emmett Merriweather's plea of guilty to robbery, a class B felony, pursuant to a written plea agreement whereby the State recommended a fifteen (15) year sentence for robbery and agreed to forego prosecution for murder. In his post-conviction proceeding, the petitioner sought to vacate the plea of guilty because of alleged failures of the trial court's guilty plea advisements regarding the following:

(A) that the court was not a party to and not bound by the plea agreement;

(B) that there was a possibility of an aggravated sentence due to prior crimes; and,

(C) that defendant had a right to a public trial.

Petitioner appeals from the post-conviction trial court's denial of relief.

At the time of the guilty plea hearing, Ind.Code § 35–4.1–1–3 prohibited the trial court from accepting a plea of guilty without first addressing the defendant and:

\*     \*     \*     \*     \*     \*

(c) Informing him that by his plea of guilty he waives his rights to a public and speedy trial by jury, . . .;

(d) Informing him of the maximum possible sentence and the minimum sentence for the events charged and of any possible increased sentence by reason of the fact of a prior conviction or convictions, and of any possibility of the imposition of consecutive sentences;

(e) Informing him that the court is not a party to any agreement which may have been made between the prosecutor and the defense and is not bound thereby.

The State does not dispute petitioner's contention that the trial court failed to advise him that the court was not a party to, nor bound by, the plea agreement, and that there was a possibility of an increased sentence by reason of prior convictions. While the trial court expressly advised the defendant as to his rights to a speedy jury trial, cross-examination of witnesses, compel witnesses to testify, it did not expressly inform the defendant of his right to a "public" trial.

However, the written plea agreement signed by the defendant and his counsel, which served as a basis for the guilty plea, expressly stated:

■   The parties agree as follows:

\*     \*     \*     \*     \*     \*

2. Defendant enters this agreement, knowing that the court is under no obligation to abide by the plea agreement submitted, and understanding that the court may take his/her criminal record into consideration in determining whether to accept or refuse this plea agreement.

\*     \*     \*     \*     \*     \*

THE DEFENDANT SHOULD INITIAL EACH STATEMENT BELOW

6. The defendant understands that the State and Federal Constitutions guarantee him/her certain rights, among them being the rights to a public trial by jury, (EM) to confront and cross-examine the witnesses against him/her, (EM) to have compulsory process for obtaining witnesses in his/her favor, (EM) and to require the State to prove his/her guilt beyond a reasonable doubt (EM). He/She further understands that the entry of his/her guilty plea pursuant to this agreement works as a waiver of those rights and constitutes an admission of the truth of all facts alleged in the (information/indictment/count) to which he/she pleads guilty (EM) and that the guilty plea amounts to a conviction (EM).

As recognized in *White v. State* (1986), Ind., 497 N.E.2d 893, it is the petitioner's burden to prove by a preponderance of evidence that the omission of the statutory advisements rendered his plea involuntary or unintelligent. The defendant must show that knowledge of the matter which would have been provided by the omitted advisement would have changed his decision to enter his plea of guilty. To determine this issue, the court may review all evidence, including the transcript of the guilty plea and sentencing proceedings, the plea agreement itself, and further testimony adduced at the post-conviction hearing.

■   Because of the express acknowledgment of rights contained in the written plea agreement signed by the defendant, we find no error in refusing to vacate his plea because of the trial court's failure to specifically refer to "public" trial when advising the defendant of his jury trial rights.

■   Furthermore, with respect to the remaining omitted advisements, to the extent not included in the written plea agreement, the defendant has failed to show that he would not have entered a plea of guilty had

the omitted advisements been made. The petitioner has thus failed to demonstrate that the trial court's alleged omissions rendered his decision to plead guilty involuntary or unintelligent.

Judgment of the post-conviction court is affirmed.

We note that appellant's petition for post-conviction relief and proceedings thereon were predicated on case law existing before our recent decision in *White* which reviewed and revised the applicable burden of pleading and proof. Therefore, if appellant has any other basis upon which to establish that his plea was not voluntary and intelligent, he may file a new petition.

GIVAN, C.J., and PIVARNIK and SHEPARD, JJ., concur.

DeBRULER, J., dissents with opinion.

DeBRULER, Justice, dissenting.

The plea of guilty was given and accepted on May 19, 1981, prior to the effective date in December, 1981, of the rule announced in *German v. State* (1981), Ind., 428 N.E.2d 234 requiring strict compliance by the trial courts of the State with the provisions of the guilty plea statute then existing, which has been recently overruled in *White v. State* (1986), Ind., 497 N.E.2d 893. It should therefore be governed by the totality of the circumstances standard set forth in *Neeley v. State* (1978), 269 Ind. 588, 382 N.E.2d 714. Cf. *Sherwood v. State* (1985), Ind., 485 N.E.2d 97. However, the majority does not review appellant's claim that he had not been advised that there was a possibility of an increased sentence by reason of prior convictions by the use of such totality of the circumstances standard, therefore making clear that the *Neeley* holding insofar as it applies in enforcing the state legal requirements of the statute, has been overruled as well. For the reasons stated in my dissent in *White v. State, supra,* and my dissents in *Simpson v. State* (1986), Ind., 499 N.E.2d 205 and *Reid v. State* (1986), Ind., 499 N.E.2d 207; I would hold that the *Neeley* standard applies here, and reverse and re-

mand and require that post-conviction relief be granted.