William SIMPSON, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 1183S424.

Supreme Court of Indiana.

Oct. 28, 1986.

Rehearing Denied Dec. 18, 1986.

Susan K. Carpenter, Public Defender, Michael Hunter Freese, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Petitioner-Appellant William Simpson appeals from the denial of post-conviction relief. On April 22, 1981, the trial court accepted his plea of guilty, pursuant to a plea agreement, upon the charge of burglary, a class B felony, for which he was sentenced to a term of twelve (12) years imprisonment. The plea agreement provided that the defendant would plead guilty to burglary, a class B felony, and that the State would dismiss another pending case and make no recommendation at sentencing.

During the guilty plea proceedings, the trial court failed to inform the petitioner of the possibility of an increased sentence by reason of a prior conviction, as required by Ind.Code § 35–4.1–1–3 (repealed by Acts 1981, P.L. 298, § 9, effective September 1, 1982; amended and recodified as I.C. § 35–35–1–2). This advisement omission was also not provided in the written plea agreement or otherwise found in the transcript of the plea hearing. The trial judge was told of the petitioner's prior felony conviction at the guilty plea hearing, and did inform petitioner of the effect of the prior conviction upon eligibility for probation.

During the guilty plea proceedings, Simpson was informed that the presumed penalty for a class B felony was ten (10) years imprisonment, which could be increased as high as twenty (20) years or reduced to as low as six (6) years depending on aggravating and mitigating circumstances.

At the subsequent sentencing, the trial court used petitioner's prior conviction as one of the aggravating factors for imposing a two-year sentence enhancement.

■ In accordance with our decision in *White v. State* (1986), Ind., 497 N.E.2d 893, the issue before the post-conviction court is whether petitioner proved, by a preponderance of evidence, that the omitted statutory inquiry and plea advisements resulted in the guilty plea being involuntary or unintelligent. Where it is shown that a defendant lacked knowledge of a matter which would have been provided by an omitted plea advisement, he must prove that such knowledge would have changed his decision to plea.

■ At the post-conviction hearing, petitioner presented no evidence other than a transcript of the guilty plea and sentencing hearings. There was no proof that defendant would not have entered his plea of guilty if he had been specifically advised that the presumptive sentence could be increased by reason of his prior conviction.

■■ When appealing from the denial of a post-conviction petition, the petitioner has the burden of proof and stands in the shoes of one appealing from a negative judgment. We will reverse the judgment of the post-conviction trial court as being contrary to law only if, considering only the probative evidence and reasonable inferences supporting the judgment, without weighing evidence or assessing witness credibility, the evidence is without conflict and leads to a conclusion opposite the judgment reached by the post-conviction trial court. *Young v. State* (1984), Ind., 470 N.E.2d 70.

While the evidence was without conflict, it does not lead to a conclusion opposite the post-conviction court's denial of relief.

Judgment affirmed.

We note that appellant's petition for post-conviction relief and proceedings thereon were predicated on case law existing before our recent decision in *White* which reviewed and revised the applicable burden of pleading and proof. Therefore, if appellant has any other basis upon which to establish that his plea was not voluntary and intelligent, he may file a new petition.

GIVAN, C.J., and PIVARNIK and SHEPARD, JJ., concur.

DeBRULER, J., dissents with opinion.

DeBRULER, Justice, dissenting.

All versions of the guilty plea statute have required that the pleading criminal defendant be informed of "... any possible increased sentence by reason of the fact of

a prior conviction or convictions." I.C. 35–35–1–2(a)(3). I take it from the majority opinion that it is now settled that this provision requires information be provided that prior convictions can be used to enhance a sentence beyond the presumptive sentence, and is not confined to the situation where a prior conviction can result in a sentence in excess of the maximum provided for in the criminal statute. Cf. *Johnson v. State*, (1983), Ind., 453 N.E.2d 975 (Pivarnik and Givan, dissenting). I certainly join in the majority opinion in that construction.

Appellant made his plea of guilty on April 22, 1981. The recent decision of this court in *White v. State* (1986), Ind., 497 N.E.2d 893, aside, the guilty plea statute governing appellant's plea commanded that the court "... not accept a plea of guilty from the defendant without first addressing the defendant and * * * (d) informing him of * * * any possible increased sentence by reason of the fact of a prior conviction or convictions ...". As I understand the *White* case, it does not declare the above provision unconstitutional or at odds with a procedural rule of this court; therefore it is the responsibility of this court to enforce that statute even if we should believe that the statute is unwise or too burdensome or productive of undesirable results. As I now understand the application now being made of the *White* holding, it is that there will be no enforcement unless the defendant can prove that he would not have pleaded guilty if there had been compliance with the statute. In my mind this is tantamount to simply overriding the letter of the statute and its beneficent spirit. I therefore dissent.