**Michael REID, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 185S11.

Supreme Court of Indiana.

Oct. 28, 1986.

Rehearing Denied Dec. 18, 1986.

Susan K. Carpenter, Public Defender, Vickie Yaser, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Defendant/Petitioner Michael Reid appeals from the denial of post-conviction re-

lief. On November 4, 1981, he entered a plea of guilty to attempted voluntary manslaughter pursuant to a written plea agreement whereby the defendant was given an executed sentence of fiteen (15) years imprisonment. He now contends that his plea of guilty was not entered voluntarily and intelligently because the trial court failed to advise him, pursuant to Ind.Code § 35–35–1–2, of the possible increase in sentence by reason of prior conviction.

When appealing the denial of a post-conviction petition, the petitioner has the burden of proof and stands in the shoes of one appealing from a negative judgment. The post-conviction trial court is the sole judge of the weight of the evidence and the credibility of witnesses. We will reverse the judgment as being contrary to law only when the evidence is without conflict and leads exclusively to a conclusion contrary to that reached by the post-conviction trial court. *Young v. State* (1984), Ind., 470 N.E.2d 70.

The evidence presented at the post-conviction hearing included a transcript of the sentencing hearing and the written plea agreement. No testimony was presented regarding whether the petitioner had been convicted of a prior crime, nor was there any evidence whatsoever suggesting that there was a causal link between the omitted advisement and the decision to enter a plea of guilty. The burden of proof as to these matters rests upon the petitioner. *White v. State* (1986), Ind., 497 N.E.2d 893.

The record of the proceedings before the post-conviction trial court fails to demonstrate that the trial judge's failure to strictly comply with Ind.Code § 35–35–1–2 rendered involuntary or unintelligent the defendant-petitioner's decision to plead guilty.

Judgment affirmed.

We note that appellant's petition for post-conviction relief and proceedings thereon were predicated on case law existing before our recent decision in *White* which reviewed and revised the applicable burden of pleading and proof. Therefore, if appellant has any other basis upon which

to establish that his plea was not voluntary and intelligent, he may file a new petition.

GIVAN, C.J., and PIVARNIK and SHEPARD, JJ., concur.

DeBRULER, J., dissents with opinion.

DeBRULER, Justice, dissenting.

At the time of appellant's plea of guilty on November 4, 1981, the court receiving the plea was governed by a statute which required the court to personally address criminal defendants and to inform them "of any possible increased sentence by reason of the fact of prior conviction or convictions, ..". I.C. 35–4.1–1–3(d) [amended and recodified at Ind.Code 35–35–1–2, effective September 1, 1982] The trial court was commanded in simple and unequivocal language not to accept a plea of guilty until that chore was accomplished.

On March 19, 1984, appellant filed his post-conviction petition seeking to withdraw his plea of guilty. The post-conviction court found specifically as a matter of fact that the court had not advised petitioner as required by the above quoted provision, and that the information was not within the written plea agreement. The post-conviction court nevertheless denied post-conviction relief because the right to receive information about the manner in which prior convictions impact the sentencing decision was a statutory right and not a constitutional right. The governing statute in clear and unambiguous fashion mandates that a ".. court shall not accept .." a plea of guilty like this one. Such a plea is not acceptable and shall not be received by a court of law. The mischief aimed at is the plea in ignorance of pertinent considerations. The remedy is legal inefficacy of the plea. The intent of the legislature and the statute require no construction. It extends protection for basic liberties. It is not unconstitutional nor is it a procedural statute in conflict with a rule of this court. It extends a benefit to those accused of crime. There is no room for judicial reticence in the enforcement of such statutes. To affirm this post-conviction judgment is

to simply override the clear legislative will without determining that such will is contrary to our constitutions or is procedural in nature and contrary to an existing rule of this court. This court has no such authority.