Ben Joseph WILLETT, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 184S2.

Supreme Court of Indiana.

Oct. 29, 1986.
Rehearing Denied Feb. 2, 1987.

Susan K. Carpenter, Public Defender, Melanie C. Conour, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Ben Joseph Willett appeals from the trial court's denial of his petition seeking relief from his plea of guilty. Rule PC 1, Ind. Rules of Procedure for Post-Conviction Relief. We affirm.

Following a 1981 street fight during which one Randy Willoughby died from a gunshot wound to the back of the head, Willett was charged with murder. He entered into a written plea agreement with the prosecutor under which he would plead guilty to a lesser included offense, voluntary manslaughter, in return for the State's recommendation that he be sentenced to fifteen years imprisonment. Willett did plead guilty and received the sentence which was part of the agreement. The victim's family appeared at the sentencing hearing to urge that the court reject the plea agreement as too lenient.

A year later, Willett filed the instant petition, alleging that his decision was involuntary and unintelligent because the trial judge did not advise him of the minimum possible sentence for the crime to which he pled, namely, six years.

As the petitioner, Willett bore the burden of proving the allegation that his

plea was involuntary and unintelligent. Appealing from the denial of his post-conviction petition, Willett stands in the shoes of one seeking review of a negative judgment. The trial court which heard the post-conviction proceeding is the sole judge of the weight of the evidence. We reverse only when the evidence is without conflict and leads exclusively to a conclusion contrary to that reached by the post-conviction court. *Young v. State* (1984), Ind., 470 N.E.2d 70.

The only evidence provided by Willett were the transcripts of the hearings at which he offered his plea and was sentenced. These transcripts reveal discussions between Willett, his counsel, and the trial judge concerning the charge pending against the defendant and the lesser included offense to which he planned to plead, the many rights which Willett was waiving by his plea, and the voluntariness of the decision. The trial court heard extensive evidence on the factual basis for the plea.

Assessing this evidence, the post-conviction court determined that Willett had failed to prove that his plea was involuntary and unintelligent. There is substantial evidence for this finding. Moreover, we have recently held that a transcript which reveals that the trial court failed to inform the defendant of the minimum possible penalty does not constitute adequate evidence, standing alone, that the defendant's act was involuntary and unintelligent. *White v. State* (1986), Ind., 497 N.E.2d 893.

Accordingly, the judgment of the trial court is affirmed.

GIVAN, PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., dissents with separate opinion.

DeBRULER, Justice, dissenting.

The plea of guilty was given and accepted on April 3, 1982, after the effective date in December, 1981, of the rule announced in *German v. State* (1981), Ind., 428 N.E.2d 234, requiring strict compliance by the trial courts of the State with the provisions of the guilty plea statute then existing, which statutory provisions were declared required by the due process of law clauses in our constitutions in the case of *Austin v. State* (1984), Ind., 468 N.E.2d 1027. Both of these cases were recently overruled in *White v. State* (1986), Ind., 497 N.E.2d 893. For the reasons stated in my dissent in *White v. State supra,* and my dissents in *Simpson v. State* (1986), Ind., 499 N.E.2d 205, *Reid v. State* (1986), Ind., 499 N.E.2d 207, and *Merriweather v. State* (1986), Ind., 499 N.E.2d 209, I would reverse and remand and require that post-conviction relief be granted in the form of permission to withdraw the plea of guilty.