**William SALES, Appellant**
**(Petitioner Below),**

v.

**STATE of Indiana, Appellee**
**(Respondent Below).**

**No. 1083S378.**

Supreme Court of Indiana.

Oct. 29, 1986.

Rehearing Denied Feb. 2, 1987.

Susan K. Carpenter, Public Defender, Sheila K. Zwickey, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

In 1981, appellant Williams Sales stood charged with rape, a class A felony; two counts of criminal confinement, class B felonies; and carrying a handgun without a license, a class D felony. The State also charged that he was an habitual offender. The total potential penalty for these charges, upon conviction, was 126 years.

Sales entered into a written plea agreement with the State under which he would plead guilty to rape in return for a recommendation that he be sentenced to the standard term for a class A felony, forty years. Ind. Code § 35–50–2–4 (Burns 1985 Repl.). The prosecutor also agreed to dismiss all the other pending charges against him. Sales did plead guilty; the trial court approved the agreement and imposed the recommended sentence; the prosecutor dismissed the other charges.

Ten months later, Sales filed a petition seeking relief under Rule PC 1, Ind. Rules of Procedure for Post-Conviction Remedies, alleging that his plea was involuntary and unintelligent because the trial court did not advise him of the minimum possible sentence for the crime to which he pled, namely, twenty years. The trial court denied his petition.

As the petitioner, Sales bore the burden of proving the allegation that his plea was involuntary and unintelligent. Appealing from the denial of a post-conviction petition, Sales stands in the shoes of one seeking review of a negative judgment. The trial court which heard the post-conviction proceeding is the sole judge of the weight of the evidence and the credibility of the witnesses. We reverse only when the evidence is without conflict and leads exclusively to a conclusion contrary to that reached by the post-conviction court. *Young v. State* (1984), Ind., 470 N.E.2d 70.

The only evidence provided by Sales was the transcript of the hearings at which he offered his plea and was sentenced. These transcripts reveal extensive discussions between Sales, counsel, and the court concerning any possible coercion or extraneous promises. There was also lengthy discussion about the various rights which Sales was waiving by pleading guilty.

Assessing this evidence, the post-conviction court determined that Sales' decision had been voluntary and intelligent. There is substantial evidence to support this finding. Moreover, we have recently determined that a mere allegation that the trial court failed to advise a defendant of the minimum possible penalty and a transcript which reveals that such is true does not provide adequate evidence, standing alone, that the defendant's act was involuntary and unintelligent. *White v. State* (1986), Ind., 497 N.E.2d 893.

Accordingly, the judgment of the trial court is affirmed.

GIVAN, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., dissents with separate opinion.

DeBRULER, Justice, dissenting.

The plea of guilty was given and accepted on December 7, 1981, after the effective date of the rule announced in *German v. State* (1981), Ind., 428 N.E.2d 234, requiring strict compliance by the trial courts of the State with the provisions of the guilty plea statute then existing, which statutory provisions were declared required by the due process of law clauses in our constitutions in the case of *Austin v. State* (1984), Ind., 468 N.E.2d 1027. Both of these cases were recently overruled in *White v. State* (1986), Ind., 497 N.E.2d 893. For the reasons stated in my dissent in *White v. State supra,* and my dissents in *Simpson v. State* (1986), Ind., 499 N.E.2d 205, *Reid v. State* (1986), Ind., 499 N.E.2d 207, and *Merriweather v. State* (1986), Ind., 499 N.E.2d 209, I would reverse and remand and require that post-conviction relief be granted in the form of permission to withdraw the plea of guilty.