**Marvin JACKSON, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 884S313.

Supreme Court of Indiana.

Oct. 30, 1986.

Rehearing Denied Dec. 18, 1986.

Susan K. Carpenter, Public Defender, Paul Levy, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Defendant-petitioner Marvin Jackson appeals from the denial of post-conviction relief. He seeks to set aside his plea of guilty to robbery and rape, both class A felonies. Jackson presents two issues:

1. omission of statutory plea advisement; and,

2. lack of information regarding status of his appeal from one of the underlying convictions.

When appealing from the denial of a post-conviction petition, the petitioner has the burden of proof and stands in the shoes of one appealing from a negative judgment. We will reverse the judgment of the post-conviction trial court as being contrary to law only if, considering only the probative evidence and reasonable inferences supporting the judgment, without weighing evidence or assessing witness credibility, the evidence is without conflict and leads to a conclusion opposite the judgment reached by the post-conviction trial court. *Young v. State* (1984), Ind., 470 N.E.2d 70.

## ISSUE I

Jackson first contends that his plea of guilty should be set aside because of the trial court's failure to advise him that by his plea of guilty, he was admitting the truth of the allegations against him. The guilty plea was accepted on December 16, 1981. At that time Ind.Code § 35–4.1–1–3 stated:

> The court shall not accept a plea of guilty from the defendant without first addressing the defendant and
>
> \* \* \* \* \* \*
>
> (b) informing him that by his plea of guilty he is admitting the truth of all facts alleged in the indictment or information as to an offense included thereunder....

The State concedes that the trial judge failed to strictly comply with the statute.

In accordance with our decision in *White v. State* (1986), Ind., 497 N.E.2d 893, the issue before the post-conviction court is whether the petitioner proved, by a preponderance of evidence, that the omitted statutory plea advisements and inquiries rendered his plea involuntary or unintelligent. To determine these issues, the reviewing court is to review all evidence, including the transcript of the sentencing hearing, the plea agreement itself, and further evidence adduced at the post-conviction hearing.

Jackson and his trial counsel signed a written plea agreement wherein Jackson agreed to plead guilty to robbery and rape,

class A felonies, in consideration for the State's agreement to make no sentencing recommendation other than "twenty-five (25) years executed on each count, both counts to run concurrently." Among other provisions in the plea agreement was the following sentence, which was separately initialed by Jackson:

"He/she further understands that the entry of his/her guilty plea pursuant to this agreement works as a waiver of those rights and constitutes an admission of the truth of all facts alleged in the information/indictment/count to which he/she pleads guilty."

■ Because of the express acknowledgment of rights contained in the written plea agreement signed and initialed by the Jackson, we find no error in refusing to vacate his plea because of the trial court's failure to address him and inform him that his guilty plea operated as an admission of the truth of all facts alleged in the charges to which he was entering his plea.

### ISSUE II

As his second contention, Jackson asserts that his plea of guilty was not intelligent and voluntary because it was in part induced by the threat of habitual offender prosecution based upon a prior conviction which Jackson believed was on appeal, the status of which he was uninformed.

We first note that the written plea agreement also recited:

This agreement embodies the entire agreement between the parties and no promises have been made or inducements given to defendant by the State which are not set out herein.

The post-conviction hearing evidence also included the transcript of the guilty plea and sentencing proceedings and testimony of petitioner Jackson. The following transpired at the guilty plea hearing:

*The Court:* Were any promises, any kind of threats or any kind of force used against you to make you sign that, is that correct?

*Defendant:* No.

\* \* \* \* \* \*

*The Court:* And, as far as the question that I presented to you about whether or not there was any promises or any kind of threats or force used against you, by that, I think, Ms. Watkins explained it but, I'll explain it for you, also, if you would like. What I mean is that there has been no kind of promises that you are going to get something that you did not get from the State that is not written done [sic] there, is that correct?

*Defendant:* Uh....

*The Court:* The State hasn't promised you anything else? There [sic] no other charges that they are going to dismiss?

*Defendant:* Other than the fact that they wouldn't file a Habitual Criminal.

\* \* \* \* \* \*

*The Court:* They didn't threaten to do anything else to you, other than what you mentioned about the habitual offender charge possibly being filed?

*Defendant:* Huh uh.

*The Court:* I mean, they did say that but, that's not considered under the law to be a threat. That's something the State can elect to do or not to do. You would probably consider it a threat but, it's not under the ...

*Defendant:* Yes, I do.

At the post-conviction hearing, petitioner placed in evidence a letter dated October 23, 1981, from the deputy prosecuting attorney, addressed to Jackson's attorney, advising that Jackson could additionally be charged as a habitual offender "on the basis of his 1971 conviction of robbery and his 1974 conviction of burglary." The letter offered that in exchange for pleas of guilty to robbery and rape, the State would recommend a sentence of thirty (30) years executed on each count, terms to be served concurrently, and that it would not file the habitual offender charge. Jackson testified that he had read the letter and considered the information contained therein

before making his decision to plead guilty, and that it did influence his decision. Jackson also testified at the post-conviction trial that when considering whether to plead guilty or not, he did not discuss with his attorney the status of his 1974 burglary conviction, nor did his attorney advise him in any way regarding the validity or finality of that conviction. He testified that he thought an appeal was pending because of a post-conviction relief petition previously filed on his behalf.

However, while petitioner believed proceedings were underway, he does not demonstrate that the 1974 conviction had been reversed prior to his 1981 plea. The mere fact that there were post-conviction proceedings pending would not operate to diminish the prosecutor's capacity to charge and prove the basis for a habitual offender finding. To the extent that the petitioner perceived that he was exposed to a habitual offender charge, he was correct.

■ It is not unlawful coercion to use the threat of a habitual offender charge to induce a plea bargain. *Bordenkircher v. Hayes* (1978), 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604; *Holmes v. State* (1980), 272 Ind. 435, 398 N.E.2d 1279. However, there must be a legitimate basis for such a charge. *Howard v. State* (1978), 268 Ind. 589, 377 N.E.2d 628. This is not similar to *Nash v. State* (1981), Ind.App., 429 N.E.2d 666, where a defendant based his guilty plea upon a reasonable misapprehension of the threat of a habitual offender sentencing.

■ Jackson's prior convictions were not reversed and could properly be used by the State to promote a plea bargain. We hold that Jackson's claimed lack of information does not constitute a reasonable misapprehension rendering his plea involuntary or unintelligent.

Judgment affirmed.

GIVAN, C.J., and PIVARNIK and SHEPARD, JJ., concur.

DeBRULER, J., dissents with opinion.

DeBRULER, Justice, dissenting.

The plea of guilty was given and accepted on December 16, 1981, after December 3, 1981, the effective date of the rule announced in *German v. State* (1981), Ind., 428 N.E.2d 234, requiring strict compliance by the trial courts of the State with the provisions of the guilty plea statute then existing, which statutory provisions were declared required by the due process of law clauses in our constitutions in the case of *Austin v. State* (1984), Ind., 468 N.E.2d 1027. Both of these cases were recently overruled in *White v. State* (1986), Ind., 497 N.E.2d 893. For the reasons stated in my dissent in *White v. State supra*, and my dissents in *Simpson v. State* (1986), Ind., 499 N.E.2d 205, *Reid v. State* (1986), Ind., 499 N.E.2d 207, and *Merriweather v. State* (1986), Ind., 499 N.E.2d 209, I would reverse and remand and require that post-conviction relief be granted in the form of permission to withdraw the plea of guilty.