Richard J. MARSHALL, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 485S154.

Supreme Court of Indiana.

Oct. 30, 1986.

Susan K. Carpenter, Public Defender, Sheila K. Zwickey, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Defendant/Appellant Richard J. Marshall appeals from the denial of his petition for post-conviction relief. On June 16, 1983, he entered a voluntary plea of guilty to conspiracy to commit robbery and voluntary manslaughter. At the guilty plea hearing, the trial court failed to advise him, pursuant to Ind.Code § 35–35–1–2, about the possibility of an increased sentence by reason of prior convictions, and the possibility of consecutive sentences. In accordance with a plea agreement, he was sentenced to concurrent sentences of eighteen (18) and two (2) years.

Petitioner contends that the omitted advisements require us to find that his guilty plea was not entered voluntarily and intelligently.

At his post-conviction hearing, the petitioner testified that he did not have any prior convictions, and that he had entered into a plea agreement specifically calling for concurrent sentences on each count. The petitioner acknowledged that at the time of his guilty plea, he understood that his sentences would run concurrently.

■■■ In order to prevail, the petitioner must prove by a preponderance of evidence at the post-conviction hearing that the trial court's failure to make a full inquiry in accordance with Ind.Code § 35–35–1–2 rendered petitioner's plea decision involuntary and unintelligent. *White v. State* (1986), Ind., 497 N.E.2d 893. In determining whether the petitioner's knowledge was prejudiced by the omission of a statutory advisement, we may consider all evidence presented at the post-conviction hearing, including transcript of the sentencing hearing, contents of any plea agreement, and any further evidence at the post-conviction hearing. *White, supra.* Where it is shown that the petitioner lacked knowledge of a matter which would have been provided by an omitted plea advisement, petitioner must prove that such knowledge would have changed his decision to plea.

■■■ When appealing the denial of a post-conviction petition, the petitioner has the burden of proof and stands in the shoes of one appealing from a negative judgment. The post-conviction trial court is the sole judge of the weight of the evidence and the credibility of the witnesses. It is only when the evidence is without conflict and leads exclusively to a conclusion opposite that reached by the post-conviction trial court, that we will reverse its judgment as being contrary to law. *Young v. State* (1984), Ind., 470 N.E.2d 70.

■ In the instant case, the defendant was not aware of any prior convictions which could have affected his plea decision and his plea agreement to receive concurrent sentences was followed. We do not find that the uncontroverted evidence leads exclusively to a conclusion opposite that reached by the post-conviction trial court.

Judgment affirmed.

We note that appellant's petition for post-conviction relief and proceedings thereon were predicated on case law existing before our recent decision in *White* which reviewed and revised the applicable burden of pleading and proof. Therefore, if appellant has any other basis upon which to establish that his plea was not voluntary and intelligent, he may file a new petition.

GIVAN, C.J., and PIVARNIK and SHEPARD, JJ., concur.

DeBRULER, J., dissents with opinion.

DeBRULER, Justice, dissenting.

The plea of guilty was given and accepted on June 16, 1983, after the effective date in December, 1981, of the rule announced in *German v. State* (1981), Ind., 428 N.E.2d 234, requiring strict compliance by the trial courts of the State with the provisions of the guilty plea statute then existing, which statutory provisions were declared required by the due process of law clauses in our constitutions in the case of *Austin v. State* (1984), Ind., 468 N.E.2d 1027. Both of these cases were recently overruled in *White v. State* (1986), Ind., 497 N.E.2d 893. For the reasons stated in my dissent in *White v. State supra*, and my dissents in *Simpson v. State* (1986), Ind., 499 N.E.2d 205, *Reid v. State* (1986), Ind., 499 N.E.2d 207, and *Merriweather v. State* (1986), Ind., 499 N.E.2d 209, I would reverse and remand and require that post-conviction relief be granted in the form of permission to withdraw the plea of guilty.