Dawn Penrose McDANIEL, Appellant,

v.

STATE of Indiana, Appellee.

No. 1285S521.

Supreme Court of Indiana.

Nov. 5, 1986.

James V. Tsoutsouris, Public Defender, Porter County, Gary S. Germann, Portage, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Dawn Penrose McDaniel was charged with five (5) counts of dealing in a narcotic drug, a class A felony. She subsequently entered a plea agreement with the State, which guilty plea was accepted by the State. Ten days later, Appellant sought to withdraw her guilty plea, which was denied after a hearing. Appellant was sentenced to five concurrent twenty (20) year sentences, pursuant to the plea agreement. The following issues are raised on direct appeal:

1. whether Appellant's guilty plea was entered knowingly, intelligently, and voluntarily, and

2. whether Appellant had the proper competency at the time of her guilty plea to enter such a plea.

I

At the hearing to allow Appellant to change her initial plea of "not guilty" to one of "guilty" pursuant to the plea agreement, Appellant was informed of all statutory advisements listed in Ind. Code § 35-35-1-2, except that the court failed to advise her that a prior conviction she had suffered for deception possibly could be used to enhance her sentence. Subsequently, the trial court sentenced Appellant to the *minimum* possible sentence, noting that the presumptive sentence of thirty (30) years would be reduced to twenty (20) years due to the mitigating factor of Appellant's "lack of a prior record."

Appellant argues for a strict standard of review, and vacation of her guilty plea due to the fact it was not entered knowingly, intelligently, and voluntarily.

This is just the type of situation we envisioned in *White v. State* (1986), 497 N.E.2d 893, 905, where we held:

"The *German [v. State* (1981), Ind., 428 N.E.2d 234] rule has led to reversal in instances where the trial judge's omission cannot genuinely be said to have worked an injustice or indeed, have made any difference at all. We have concluded that a new method of inquiry for assessing collateral attacks on criminal convictions is required.

\* \* \* \* \* \*

A petitioner who claims that his plea was involuntary and unintelligent but can only establish that the trial judge failed to give an advisement in accordance with § 35-35-1-2 has not met his burden of proof. He needs to plead specific facts from which a finder of fact could conclude by a preponderance of the evidence that the trial judge's failure to make a full inquiry in accordance with § 35-35-1-2(a) rendered his decision involuntary or unintelligent."

*Id.* As in *White*, Appellant here does not allege any specific facts which would suggest that her decision was the result of coercion or having been misled. Since she was sentenced to the least possible term, she cannot allege to have been harmed by the trial court's failure to advise her of a possible increased sentence.

II

At the hearing for Appellant's withdrawal of her guilty plea, she testified that when she entered her plea she was "under a lot of emotional stress." She testified also that she had been having sleeping problems, was suffering from loss of memory due to prior drug use, and had a long history of migraine headaches. Appellant claims that as a result of these problems, she simply acquiesced to her attorney's decision to plead guilty, and that the trial court's refusal to allow her to withdraw her plea of guilty was an abuse of discretion.

In denying Appellant's request, the trial court stated that Appellant understood her rights before pleading guilty and had no questions, and that she went through the

plea agreement with the court and understood it. The court further stated it had spent a great deal of time going through the five drug transactions and that Appellant had been able to give the court a factual basis and "keep things straight" on each transaction. The record reveals that at the time the guilty plea was entered, when asked if she was under the influence of alcohol or drugs or whether she was suffering from any mental infirmity, Appellant replied in the negative. Finally, Appellant stated, at the entry of her plea, that the decision was of her own free will.

Ind. Code § 35–35–1–4(b) states in part:

"After entry of a plea of guilty ... but before imposition of the sentence, the court may allow the defendant by motion to withdraw his plea of guilty ... for any fair and just reason unless the state has been substantially prejudiced by reliance upon the defendant's plea.... The ruling of the court on the motion shall be reviewable on appeal only for an abuse of discretion. However, the court shall allow the defendant to withdraw his plea of guilty ... whenever the defendant proves that withdrawal of the plea is necessary to correct a manifest injustice."

Appellant has not met the burden of showing that the trial court abused its discretion. Her argument simply reiterates the reasons for withdrawal that the trial court had before it when making its decision: stress, sleeping problems, memory loss, and migraine headaches. On the other hand, the record is replete with evidence showing that Appellant was capable of conversing in detail regarding the charges, and that she understood the events and was acting of her own free will. The evidence justifies the trial court's refusal to allow Appellant to withdraw her guilty plea.

The trial court is affirmed.

GIVAN, C.J., and SHEPARD and DICKSON, JJ., concur.

DeBRULER, J., dissents with separate opinion.

DeBRULER, Justice, dissenting.

The plea of guilty was given and accepted on August 1, 1985, after the effective date of the rule announced in *German v. State* (1981), Ind., 428 N.E.2d 234, requiring strict compliance by the trial courts of the State with the provisions of the guilty plea statute then existing, which statutory provisions were declared required by the due process of law clauses in our constitutions in the case of *Austin v. State* (1984), Ind., 468 N.E.2d 1027. Both of these cases were recently overruled in *White v. State* (1986), Ind., 497 N.E.2d 893. For the reasons stated in my dissent in *White v. State supra*, and my dissents in *Simpson v. State* (1986), Ind., 499 N.E.2d 205, *Reid v. State* (1986), Ind., 499 N.E.2d 207, and *Merriweather v. State* (1986), Ind., 499 N.E.2d 209, I would reverse and remand and require that post-conviction relief be granted in the form of permission to withdraw the plea of guilty.