Norman E. **HENRY**, Appellant,

v.

**STATE of Indiana**, Appellee.

No. 49S028611PC955.

Supreme Court of Indiana.

Nov. 7, 1986.

Rehearing Denied Dec. 30, 1986.

Susan K. Carpenter, Public Defender, Jo Ann Farnsworth, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Petitioner-Appellant Norman E. Henry entered a guilty plea to arson, a class B felony, and was sentenced to six years imprisonment on August 19, 1983. He subsequently filed a Petition for Post-Conviction Relief, which was denied. The Fourth District Court of Appeals reversed, 486 N.E.2d 666, holding the trial court did not inform Henry of the possibility of an increased sentence due to a prior conviction. The State now seeks to transfer the case to this Court because: 1) the trial court substantially complied with the statutory requirements for guilty pleas; and 2) if they failed to do so, any error was harmless.

At the guilty plea hearing the following conversation took place:

"THE COURT: Are you on probation or parole?

HENRY: Probation, sir.

THE COURT: From what?

COUNSEL: Conversion charge out of Municipal Court.

THE COURT: Well, that may or may not have any effect on what we do here, but it's something that you should know would go into my consideration on what to do with you. Do you understand that?

HENRY: Yes sir."

The trial court proceeded to accept the guilty plea and sentenced Henry to the *least possible sentence* for a class B felony, six (6) years. The Fourth District Court of Appeals reversed, holding the trial court did not inform Henry of the possibility of an increased sentence due to a prior conviction. The court further held the error was not harmless.

This is just the type of situation envisioned in *White v. State* (1986), Ind., 497 N.E.2d 893, where we held:

"A petitioner who claims that his plea was involuntary and unintelligent but can only establish that the trial judge failed to give an advisement in accordance with § 35–35–1–2 has not met his burden of proof. He needs to plead specific facts from which a finder of fact could conclude by a preponderance of the evidence that the trial judge's failure to make a full inquiry in accordance with § 35–35–1–2(a) rendered his decision involuntary or unintelligent."

*Id.* at 905. As in *White,* Henry does not allege any specific facts which would suggest that his decision was the result of coercion or having been misled. Since he was sentenced to the least possible term, he cannot allege to have been harmed by any error the trial court might have made in advising of the possibility of an increased sentence.

Transfer is granted, the opinion of the Court of Appeals is vacated and the trial court is affirmed.

GIVAN, C.J., and SHEPARD and DICKSON, JJ., concur.

DeBRULER, J., dissents with separate opinion.

DeBRULER, Justice, dissenting.

The plea of guilty was given and accepted on August 19, 1983, after the effective date in December, 1981, of the rule announced in *German v. State* (1981), Ind., 428 N.E.2d 234, requiring strict compliance by the trial courts of the state with the provisions of the guilty plea statute then existing, which statutory provisions were declared required by due process of law clauses in the case of *Austin v. State* (1984), Ind., 468 N.E.2d 1027. The objective of advisements under I.C. 35–5–35–1–2 as contemplated in those two cases is not to determine whether the defendant received the proper sentence, but "to insure . . . the defendant's admission of guilt is given with full knowledge of the consequences of such admission." *Gray v. State* (1985), Ind. App., 481 N.E.2d 158, 161. Both *German* and *Austin* were recently overruled in *White v. State* (1986), Ind., 497 N.E.2d 893. For the reasons stated in my dissent in *White v. State supra,* and my dissents in *Simpson v. State* (1986), Ind., 499 N.E.2d 205, *Reid v. State* (1986), Ind., 499 N.E.2d 207, and *Merriweather v. State* (1986), Ind., 499 N.E.2d 209, and based upon this court's holding in *Linthicum v. State* (1984), Ind., 465 N.E.2d 701, that a trial court does not comply with the requirement of the statute that the defendant be informed of the possibility of an increased sentence due to prior convictions by merely

advising him "that if he were on parole, probation or under any withheld or suspended sentence it could affect the length of the sentence." I would reverse and remand and require that post-conviction relief be granted in the form of permission to withdraw the plea of guilty.