**Juan M. PATTON, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee.**

No. 49A02–8606–PC–215.

Court of Appeals of Indiana, Second District.

May 14, 1987.

Rehearing Denied June 12, 1987.

Susan K. Carpenter, State Public Defender, Jo Ann Farnsworth, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

Juan M. Patton appeals the denial of his petition for post-conviction relief.

We affirm.

On October 14, 1980, Patton entered into a plea agreement in which he agreed to plead guilty to one count of burglary and one count of theft in return for the prosecutor's recommendation of consecutive four and two year sentences. On March 29, 1982, Patton filed a petition for post-conviction relief alleging that his guilty plea had not been entered knowingly, voluntarily and intelligently. The court granted Patton's petition on August 6, 1982, and a new trial was ordered. Prior to the trial date, Patton again entered into a plea agreement in which he agreed to plead guilty to the theft and burglary charges in exchange for the State's sentencing recommendation of time already served. The trial court accepted Patton's plea of guilty on October 5, 1982, and Patton was released on the same day. Patton now challenges his second guilty plea, again alleging that it was not entered knowingly, voluntarily and intelligently.

Patton's petition for post-conviction relief was filed on August 1, 1985, prior to our Supreme Court's ruling in *White v. State* (1986) Ind., 497 N.E.2d 893. The *White* decision created a new standard of review for post-conviction petitions which allege that the guilty plea was not entered intelligently and voluntarily. Patton argues that *White v. State* should not be applied retroactively and that his plea should be reviewed under the prior standard announced in *German v. State* (1981) Ind., 428 N.E.2d 234, which required strict compliance with the provisions of the guilty plea statute, I.C. 35–35–1–2 (Burns Code Ed.Supp.1986).[1]

■ Our Supreme Court has applied the *White* standard to cases in which the petition for post-conviction relief was filed prior to the decision in *White*. *See Simpson v. State* (1986) Ind., 499 N.E.2d 205; *Reid v. State* (1986) Ind., 499 N.E.2d 207; *Merriweather v. State* (1986) Ind., 499 N.E.2d 209. Although the Supreme Court has not discussed issues presented by the retroactive application of *White*, the clear import of the decisions is to establish retroactive application as precedent.

■ We are obliged to follow precedents established by the Indiana Supreme Court. *Boland v. Greer* (1980) 3d Dist. Ind.App., 409 N.E.2d 1116. Even were we to agree with the arguments raised by Patton it would not be within our prerogative to disregard the judicial reality of retroactive application. The precedent has been established, even though the rationale supporting the precedent remains unarticulated. While the concerns raised by Patton regarding the constitutional implications of retroactive application of *White* might merit attention, it is not the province of this court to address those concerns. Explication of the policy and its constitutional ramifications is best left to the highest court of our state.

■ We turn, then, to the merits of Patton's petition for post-conviction relief as viewed in the light of *White*. Under the *White* standard, we are to view the entire record in order to determine whether a guilty plea was entered voluntarily and knowingly. *White, supra*, 497 N.E.2d at 905. Additionally, a petitioner must show something more than that the trial court failed to give an advisement in accordance with I.C. 35–35–1–2. As the court in *White* stated:

"He needs to plead specific facts from which a finder of facts could conclude by a preponderance of the evidence that the trial judge's failure to make a full inquiry in accordance with § 35–35–1–2(a) rendered his decision involuntary or unintelligent." *Id.*

Thus, the *White* court replaced the strict compliance standard of *German* with a

---

1. Indiana Code 35–35–1–2 presently provides as follows:

"Determination by court—Waiver of rights by defendant.—(a) The court shall not accept a plea of guilty or guilty but mentally ill at the time of the crime without first determining that the defendant:

(1) Understands the nature of the charge against him;

(2) Has been informed that by his plea he waives his rights to:

(A) A public and speedy trial by jury;

(B) Confront and cross-examine the witnesses against him;

(C) Have compulsory process for obtaining witnesses in his favor; and

(D) Require the state to prove his guilt beyond a reasonable doubt at a trial at which the defendant may not be compelled to testify against himself;

(3) Has been informed of the maximum possible sentence and minimum sentence for the crime charged and any possible increased sentence by reason of the fact of a prior conviction or convictions, and any possibility of the imposition of consecutive sentences; and

(4) Has been informed that if:

(A) There is a plea agreement as defined by IC 35–35–3–1; and

(B) The court accepts the plea;

the court is bound by the terms of the plea agreement.

(b) A defendant in a misdemeanor case may waive the rights under subsection (a) by signing a written waiver.

(c) Any variance from the requirements of this section that does not violate a constitutional right of the defendant is not a basis for setting aside a plea of guilty."

At the time of the 1982 guilty plea, however, the statute mandated the trial judge to personally advise the defendant of the various factors in a knowing and voluntary plea. The statute at that time, furthermore, did not contain subsection (c).

standard that can best be described in sports terminology—no harm, no foul.[2] Patton has failed to meet the *White* standard.

■ Patton alleges that the trial court failed to advise him at the time of his guilty plea of his right to a public and speedy trial, his right to compulsory process, the maximum and minimum sentences for class C and class D felonies, the possibility of an increased sentence due to prior convictions, the possibility of consecutive sentencing, and the fact that if the trial court accepted the State's recommendation it would be bound by the terms of the plea agreement. Our review of the record discloses that Patton had acknowledged his right to a public and speedy trial and compulsory process in the original plea agreement.[3] Additionally, the trial court advised him at the guilty plea hearing of his right to a trial by jury. Given Patton's express acknowledgment of his rights in the plea agreement, the post-conviction court did not err in refusing to vacate Patton's sentence based on the trial court's failure to specifically refer to "public" or "speedy" trial or to advise Patton of his right to compulsory process. *See Merriweather, supra,* 499 N.E.2d at 210.

■ With regard to Patton's other allegations, we see no indication that they had any bearing upon Patton's decision to enter a plea of guilty. It is true that Patton was not informed of sentencing possibilities or of the fact that the court would be bound by the plea agreement. However, the court abided by the terms of the agreement and Patton was given credit for time served and was released after entering his plea of guilty. No additional sentence was imposed. In light of the fact that he was set free after entering his plea, Patton cannot show that he was harmed by the

court's failure to advise him regarding sentencing possibilities. *See Henry v. State* (1986) Ind., 499 N.E.2d 1074, 1075 in which the majority stated:

"As in *White,* Henry does not allege any specific facts which would suggest that his decision was the result of coercion or having been misled. Since he was sentenced to the least possible term, he cannot allege to have been harmed by any error the trial court might have made in advising of the possibility of an increased sentence."

■ Finally, Patton suggests that if we find, as we have, that *White* is to be given retroactive application, we should remand for a limited hearing at which he could present additional evidence necessary to meet the *White* standard. Patton asserts that allowing him to file a new petition, as was done by the Supreme Court in *White* and subsequent cases, is inadequate in that he will face the possibility of an assertion of waiver under Post Conviction Rule 1, § 8. Additionally, Patton points out that if he files a new petition he may be subject to an increased sentence under recently modified Post-Conviction Rule 1, § 10 if relief is eventually granted. *See Tolson v. State* (1986) Ind., 493 N.E.2d 454.

The language of *White* would seem to indicate that if any relief is possible, a new petition is required. The *White* court held that a post-conviction petitioner must "*plead* specific facts from which a finder of fact could conclude by a preponderance of the evidence that the trial judge's failure to make a full inquiry ... rendered his decision involuntary or unintelligent." *White, supra,* 497 N.E.2d at 905. (Emphasis supplied.) Cases subsequent to *White* have observed that the *White* decision revised "the applicable burden of pleading

---

**2.** However, the *White* court noted that failure to give one of the advisements required by the United States Supreme Court in *Boykin v. Alabama* (1969) 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, may still constitute reversible error whether or not the defendant has shown harm. "[U]nless the record reveals that the defendant knew or was advised at the time of his plea that he was waiving his right to a jury trial, his right

of confrontation and his right against self-incrimination, *Boykin* will require that his conviction be vacated." 497 N.E.2d at 905.

**3.** The second plea agreement is referred to in the transcript of the guilty plea hearing but has not been included in the record.

and proof." *Simpson, supra,* 499 N.E.2d at 206; *Reid, supra,* 499 N.E.2d at 208; *Merriweather, supra,* 499 N.E.2d at 211.

Because *White* imposes an additional burden of pleading, it would appear that a new petition is required in order to meet the revised burden. However, we do not believe that a second petition could be dismissed upon grounds of waiver, as Patton asserts. Section 8 of Post-Conviction Rule 1 provides as follows:

"Section 8. Waiver of or Failure to Assert Claims. All grounds for relief available to a petitioner under this rule must be raised in his original petition. Any ground finally adjudicated on the merits or not so raised and knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence, or in any other proceeding the petitioner has taken to secure relief, may not be the basis for a subsequent petition, *unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original petition.*" (Emphasis supplied.)

While the court in *White* and subsequent cases speaks in terms of allowing the petitioner to assert "any other basis" for relief in a second petition, it seems clear that the court intends for the petitioner to plead those specific facts omitted from the original petition which will demonstrate that the petitioner was prejudiced by the trial court's failure to give a particular advisement. The petitioner's understandable reliance on *German* might well constitute "sufficient reason" under Post-Conviction Rule 1, § 8 to prevent waiver from barring his claim to relief.

While we have concluded that a second petition would not necessarily, or even probably, give rise to a successful assertion of waiver, we express no opinion as to the likelihood, under the record before us, of Patton satisfying the *White* standard with a subsequent petition.

The denial of Patton's petition for post-conviction relief is affirmed.

BUCHANAN, J., concurs.

RATLIFF, C.J., concurs in result.