**James T. BUSKIRK, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 1285S502.

Supreme Court of Indiana.

Aug. 14, 1987.

John B. Wilson, Jr., Bean Blossom, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

On May 18, 1979, Defendant-Appellant James T. Buskirk pleaded guilty to confinement, a class B felony, rape, a class A felony, and robbery, a class B felony. He was sentenced to 20 years for confinement, 45 years for rape, and 10 years for robbery, all to run concurrently. On July 20, 1984, he filed his Petition for Post-Conviction relief, which was denied. He directly appeals that denial arguing he was not strictly advised pursuant to the requirement of Ind.Code Ann. § 35–4.1–1–3 (Burns 1978), and therefore his guilty pleas were not knowingly and voluntarily entered.

■ Appellant's contention fails to adequately address the standard for the review of guilty pleas recently set forth in *White v. State* (1986), Ind., 497 N.E.2d 893. Appellant is merely arguing that the trial court failed to give certain advisements. He makes no showing that these omissions by the trial court rendered his decision to plead guilty involuntary or unintelligent. Nor does he allege that had he possessed this information he would not have entered his guilty pleas. Therefore, Appellant has not met his burden of proof. *White*, 497 N.E.2d at 905.

■ Appellant argues since his Petition for Post-Conviction Relief was based on law that existed prior to *White*, that *White* should not apply to his case. However, *White* has been retroactively applied many times. *Merriweather v. State* (1986), Ind., 499 N.E.2d 209; *Reid v. State* (1986), Ind., 499 N.E.2d 207; *Simpson v. State* (1986), Ind., 499 N.E.2d 205. The clear import of these decisions is to establish retroactive application as precedent. *Patton v. State* (1987), Ind.App., 507 N.E.2d 624, 626.

Further, *White* sets out a procedure for review which is available to Appellant. He may file a new post-conviction petition if he has any other basis on which to establish his plea was not voluntary and intelligent.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.