Forrest M. WILLIS, Petitioner-Appellant,

v.

STATE of Indiana, Defendant-Appellee.

No. 63A01–8603–PC–81.

Court of Appeals of Indiana, First District.

Oct. 27, 1986.

Rehearing Denied Dec. 10, 1986.

John D. Clouse, Michael C. Keating, Laurie A. Baiden Bumb, Evansville, for petitioner-appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for defendant-appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Petitioner-appellant, Forrest M. Willis (Willis), appeals the denial of his Petition for Post-Conviction Relief by the Pike Circuit Court, seeking redress from his guilty plea to a charge of murder.

We affirm.

## STATEMENT OF THE FACTS

Willis was originally charged with murder and attempted murder. Through his attorneys, Carl M. Gray and his associates, Willis reached a plea agreement with the State. The plea agreement, entitled Plea Negotiations, was very detailed and included, inter alia, the following. Willis agreed to plead guilty to the murder charge in exchange for dismissing the attempted murder charge. The State agreed to recommend a 30–year sentence and no fine, and Willis was to be placed on probation for a period of 30 years. It went on to provide that the provisions of the Plea Negotiations had been read aloud to Willis by his attorneys; that Willis acquiesced in the provisions and acknowledged that all was done intelligently, knowingly, and voluntarily upon and after consultation with his attorneys; that Willis had been advised of several enumerated constitutional and statutory rights; and that Willis had been informed of his charges and the effect of his plea, including the possible range of sentencing. Following Willis' signature attesting to these provisions, his attorneys certified that they had read and fully explained to Willis the accusations against him and the Plea Negotiations.

The trial court conducted a hearing on the Plea Negotiations on April 4, 1984. The trial court advised Willis of the charges against him and his statutory and constitutional rights. Regarding the range of his potential sentence, the trial court informed Willis that the standard term for murder is 40 years, the maximum could be 60 years with aggravating circumstances and the minimum could be 30 years with

mitigating circumstances. Willis responded that he understood. No mention was made of any possibility of probation. After being apprised of the factual basis of the plea, the court accepted the plea of guilty subject to the review of the pre-sentence report, but found that Willis was guilty of the crime of murder. Sentencing was set for April 27, 1984, and on this date, the trial court again accepted the plea agreement and sentenced Willis to a term of 30 years and also ordered 30 years' probation. On October 15, 1984, Willis filed a pro se Petition for Modification of Sentence, which was denied by the trial court.

Willis filed his post-conviction relief petition on May 31, 1985. A hearing was conducted on this petition on September 27, 1985, and it was denied on October 25, 1985.

## ISSUES

Willis presents the following issues for our review:

I. Was the sentence received by Willis an illegal sentence; was Willis' plea voluntarily, knowingly and intelligently entered in light of the confusion surrounding the terms of his sentence?

II. Was Willis denied effective representation of counsel by counsel's negotiation and recommendation to the movant of an illegal sentence?

## DISCUSSION AND DECISION

ISSUE I: *Illegal Sentence/Voluntariness of Plea*

 Willis is correct in arguing he received an illegal sentence. The minimum sentence for murder is 30 years, which is what Willis received. Willis was also sentenced to a 30-year term of probation. The effect of this latter sentencing provision is unclear. Before the trial court could impose a term of probation, some portion of an executed sentence must first be suspended. *State ex rel. Wilson v. Lowdermilk* (1964), 245 Ind. 93, 195 N.E.2d 476; *Thurman v. State* (1974), 162 Ind.App. 576,

320 N.E.2d 795. However, none of Willis' 30-year executed sentence could be suspended. IND.CODE 35-50-2-2(b)(4). Willis' 30-year executed sentence and his 30-year probationary term could not run concurrently, *Thurman, supra,* and the only other possibility is a 30-year probationary term consecutive to the 30-year executed sentence. The trial court did not order a 60-year sentence with 30 years suspended and subject to probation, nor was this the intent expressed by the parties involved. As explained by Mr. Gray, it was standard practice in the county to include a concurrent probationary term in plea agreements in the event a sentence is reduced by modification. It was an apparent oversight that the 30-year executed sentence for murder could not be modified or suspended. Therefore, only that part of the sentence which called for a 30-year probationary term was erroneous.

 This brings us to the crux of this issue; whether Willis' original plea of guilty was voluntary and intelligent in light of the confusion surrounding his sentence. In *White v. State* (1986) Ind., 497 N.E.2d 893, our supreme court established a new standard to test the evidence when a petition for post-conviction relief alleges that a guilty plea was not voluntarily and intelligently made. Under *White,* the mere failure to make a full inquiry into the advisements in IND.CODE 35-35-1-2 is insufficient; a petitioner must affirmatively plead specific facts from which a finder of fact could conclude by a preponderance of the evidence that the failure to do so rendered his decision involuntary or unintelligent. In the case at bar, Willis does not contend the trial court failed to make a full inquiry into the advisements in IND.CODE 35-35-1-2; yet he claims his plea was involuntary, under IND.CODE 35-35-1-3, because of alleged confusion over the minimum sentence he could serve, a factor of IND. CODE 35-35-1-2(a)(3).

As noted above, the trial court addressed Willis at his guilty plea hearing as to the minimum and maximum range of penalties for the crime of murder. Although the

Plea Negotiations with the erroneous 30–year probation provision was being submitted into the record, no mention was made about probation during this guilty plea hearing, and Willis acknowledged he understood that a 30–year executed sentence was the minimum sentence for murder.

■ At Willis' post-conviction relief hearing, he claimed that he was told by his attorney, Mr. Gray, that he would receive the sentence of 30 years and that he would be placed on probation probably within 3 years. Mr. Gray testified that he went to great lengths to explain the effect of the Plea Negotiations; he invited Willis and Willis' whole family to his law office, and he read and explained the Plea Negotiations to them. He denied he ever told Willis he would only serve 3 years, but he stated he told Willis that with the 30–year sentence, he may only serve 15 years for good time earned. At this hearing it was Willis' burden to establish grounds for relief by a preponderance of the evidence. Ind.Rules of Procedure, Post-Conviction Rule 1, Sec. 5. On our review of the denial of this petition, we do not weigh the evidence or judge the credibility of the witnesses; only when the evidence is without conflict and leads to but one reasonable conclusion, contrary to that reached by the trier of fact, will the decision be reversed as being contrary to law. *Romine v. State* (1982), Ind., 431 N.E.2d 780.

■ The record also reveals that Willis reached the plea agreement with the State after the jury selected for his trial had been impaneled and sworn. He was faced with the prospect of being convicted on both his original charges and a sentence much more grievous. He then decided to plead guilty to the murder charge in exchange for a dismissal of the attempted murder charge and a 30–year sentence, the minimum possible. In this appeal, Willis does not allege that, but for the confusion over the sentence, he would have gone to trial. Since he already received the minimum possible sentence, no further prejudice was shown.

In *White, supra*, the supreme court cited with approval the federal standard in determining the voluntariness of a guilty plea. The court cited a federal inquiry, "Is it reasonable to believe that if the defendant had known that which he says he did not know, such knowledge would have led him to go to trial rather than plead guilty?" *Id.*, citing *Evans v. Meyer* (7th Cir.1984), 742 F.2d 371. In citing *Horsley v. United States* (3rd Cir.1978), 583 F.2d 670, the court in *White, supra*, noted that when failing to advise properly about the range of penalties, as opposed to advice about the nature of the charge, the consequences of a guilty plea are collateral to, and should not take precedence over, the paramount issue of guilt or innocence. Failure to advise precisely according to the rule or statute alone is insufficient; prejudice must be proven. *White, supra*. The court also noted that erroneous or inadequate advice regarding a sentence does not entitle a defendant to plead anew:

"Thus, even though the judge does not advise the defendant that he will face a minimum special parole term after he completes his executed time, so long as the executed time and the parole term do not exceed the maximum possible imprisonment, the failure to mention special parole 'does not inherently result in a miscarriage of justice or present exceptional circumstances justifying collateral relief.' *United States v. Sisneros*, 599 F.2d 946, 948 (10th Cir.1979). If the total of the executed time and the parole term does exceed the maximum sentence of which the defendant was advised, reducing the total time to the maximum is deemed to 'serve fundamental fairness.' The defendant is not entitled to replead. *Richardson v. United States*, 577 F.2d 447 (8th Cir.1978)."

*White, supra*. Our supreme court has also held that a guilty plea is not invalid merely because a trial court incorrectly stated a sentence, nor was it invalid due to the confusion as to the actual time to be served based on the manner the court explained possible parole. *Romine, supra*. Misad-

visement, as opposed to a failure to advise, as to the applicable sentence was harmless error in *Romine.*

In the case at bar, Willis was advised of the minimum possible sentence at his guilty plea hearing. At his post-conviction relief hearing, the trial court was entitled to believe Willis' attorney, Mr. Gray, that Willis was advised of the minimum possible sentence. The probation provision was erroneous, but this does not warrant that the guilty plea be vacated. Rather, only that portion of Willis' sentence which calls for 30 years' probation is hereby ordered to be vacated.

ISSUE II: *Effective Assistance of Counsel*

 To succeed on his claim of ineffectiveness of counsel, Willis must satisfy the performance-prejudice standard enunciated in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. *Stanley v. State* (1985), Ind., 479 N.E.2d 1315. The performance component requires proof that counsel's performance was deficient, and to satisfy this criterion, Willis must overcome the strong presumption that counsel's conduct lies within the wide range of reasonable, professional assistance. *Stanley, supra.* The prejudice component requires proof that counsel's unreasonable performance not only prejudiced the defense, but also that this prejudice undermined the reliability and fairness of the proceeding. This two-part *Strickland* test was held equally applicable to charges of ineffectiveness of counsel in negotiating plea agreements in *Hill v. Lockhart* (1985), — U.S. —, 106 S.Ct. 366, 88 L.Ed.2d 203, and in this case, the defendant failed to show that, but for counsel's erroneous advice on parole eligibility, he would have insisted on going to trial.

The basis of Willis' argument is the same set of circumstances relied upon in Issue I; that in negotiating and recommending an erroneous sentence as part of a plea bargain, Willis' trial counsel, Mr. Gray, rendered ineffective assistance of counsel. The record discloses Mr. Gray assisted Willis up to the day of his trial, but a plea agreement was reached on that day. Mr. Gray went to great lengths to inform and explain the agreement with Willis and his family. Although there was an erroneous provision allowing a 30–year concurrent probation, Mr. Gray and the trial court informed Willis that his minimum sentence would be 30 years. Through Mr. Gray's negotiations, the attempted murder charge was dismissed and Willis received the minimum possible sentence. Willis alleges no special circumstances of prejudice, or that he would have gone to trial.

For the foregoing reasons, we remand this case to vacate the 30–year term of probation, but in all other respects, judgment and sentence of the trial court is affirmed. Denial of the petition for post-conviction relief is affirmed.

Judgment affirmed and remanded.

ROBERTSON, P.J., and RATLIFF, J., concur.