Gary L. KING, Appellant,

v.

STATE of Indiana, Appellee.

No. 485S165.

Supreme Court of Indiana.

Nov. 5, 1986.

Rehearing Denied Dec. 30, 1986.

Susan K. Carpenter, Public Defender, Kathryn Kelley, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Gary L. King was charged with three (3) counts of robbery while armed with a deadly weapon resulting in bodily injury, and one (1) count of conspiracy, all class A felonies. On July 23, 1982, he entered into plea agreements with the State whereby he agreed to plead guilty to three (3) counts of class A robbery, and the State agreed to forego prosecution on the conspiracy charge and two unrelated burglary charges. The State also agreed to recommend concurrent, thirty (30) year sentences on each count. A hearing was held and the guilty pleas were accepted, after which Appellant was sentenced to the thirty (30) years called for in the plea agreement. On March 12, 1984, Appellant filed for post-conviction relief, which was denied after a hearing. The post-conviction court found in part:

"8. None of the proceedings held in these matters would indicate that enhanced sentences were ever considered or that any prior criminal record that the Defendant might have would ever be used against him. Likewise, there is nothing in the record to indicate that the Defendant's prior criminal record of one misdemeanor conviction was ever a factor in arriving at the terms of the negotiated plea agreements or in the Court's consideration in accepting the agreements.

9. An enhanced sentence was never considered ... and never became a factor ...

10. There is absolutely no evidence or inference that Defendant has been harmed in any way by the Court's acceptance of his negotiated plea agreements."

Appellant argues that the record does not reflect that he ever was advised of the possibility of an enhanced sentence due to a prior conviction. He maintains that the post-conviction court's findings regarding the fact that no enhanced sentence was ever considered, nor was any prior criminal record used in reaching the sentence, amounted to considerations outside the scope of review of his case. He further argues that whether an enhanced sentence actually is imposed does not affect the

court's duty to advise a defendant of the possibility of an enhanced sentence.

We recently decided *White v. State* (1986), 497 N.E.2d 893, where we held:

"The *German* rule has led to reversal in instances where the trial judge's omission cannot genuinely be said to have worked an injustice or, indeed, have made any difference at all. We have concluded that a new method of inquiry for assessing collateral attacks on criminal convictions is required.

To decide a claim that a plea agreement was not made voluntarily and intelligently, we will review all the evidence before the court which heard his post-conviction petition, including testimony given at the post-conviction trial, the transcript of the petitioner's original sentencing, and any plea agreements or other exhibits which are part of the record.

A petitioner who claims that his plea was involuntary and unintelligent but can only establish that the trial judge failed to give an advisement in accordance with § 35–35–1–2 has not met his burden of proof. He needs to plead specific facts from which a finder of fact could conclude by a preponderance of the evidence that the trial judge's failure to make a full inquiry in accordance with § 35–35–1–2(a) rendered his decision involuntary or unintelligent."

*Id.* at 905. Appellant's argument is one of strict adherence to § 35–35–1–2. He does not claim that he was unaware of the possibility of an enhanced sentence, or that had he known he would have changed his decision. Neither does he allege any specific facts which would suggest that his decision was the result of being coerced or misled. In fact, the record reveals that the plea agreement spelled out the recommended, concurrent sentences, and that the terms of the agreement were abided by. Appellant alleges only a statutory violation, no harm. Such grounds are an insufficient basis upon which to vacate his conviction.

The trial court is affirmed.

GIVAN, C.J., and SHEPARD and DICKSON, JJ., concur.

DeBRULER, J., dissents with separate opinion.

DeBRULER, Justice, dissenting.

The plea of guilty was given and accepted on July 23, 1982, after the effective date in December, 1981, of the rule announced in *German v. State* (1981), Ind., 428 N.E.2d 234, requiring strict compliance by the trial courts of the state with the provisions of the guilty plea statute then existing, which statutory provisions were declared required by due process of law in the case of *Austin v. State* (1984), Ind., 468 N.E.2d 1027. For the reasons stated in my dissent in *White*, I would reverse and remand and require that post-conviction relief be granted in the form of permission to withdraw the plea of guilty.

In this situation appellant entered his plea of guilty, thus waiving his right to trial in return for among other concessions, the recommendation of the State that he receive thirty (30) year sentences. Such sentences are greater than the minimum provided for these class A felonies, and furthermore appellant did in fact have a prior conviction. There is no documentation on this record that appellant knew the manner in which the existence or non-existence of prior convictions would operate if he went to trial, was convicted, and then sentenced. There is therefore no judicial assurance here as contemplated by the guilty plea statute that appellant made a truly informed decision when choosing to waive trial and plead guilty. I dissent.