Linley E. Pearson, Atty. Gen., Marguerite M. Sweeney, Deputy Atty. Gen., Indianapolis, for appellee.

**Michael MALLERY, Appellant,**

**v.**

**STATE of Indiana, Appellee.**

**No. 785S303.**

Supreme Court of Indiana.

Nov. 14, 1986.

Rehearing Denied Feb. 5, 1987.

GIVAN, Chief Justice.

Appellant pled guilty to the offenses of Robbery, a Class A felony, and Battery, a Class C felony. The court imposed concurrent sentences of twenty (20) years and five (5) years. Appellant now appeals the denial of his Petition for Post-Conviction Relief.

An information was filed on March 30, 1983, charging appellant with Robbery and

Battery. On July 5, he withdrew his plea of not guilty and entered a plea of guilty pursuant to a written plea agreement filed that day. On August 5, the trial court accepted appellant's guilty plea and sentenced him in accordance with the terms of the plea agreement.

Appellant's post-conviction petition alleged that his plea of guilty was not entered knowingly, intelligently and voluntarily because the trial judge failed to advise him of any possible increased sentence by reason of the fact of a prior conviction or convictions as required by Ind.Code § 35-35-1-2(a)(3). The court denied the requested relief, finding that appellant, by virtue of his sentencing in the same court in several recent unrelated cases, had actual knowledge of the fact that prior convictions could be used to enhance a sentence.

The sole issue raised by appellant is whether the trial court erred in concluding that his guilty plea was entered knowingly, intelligently and voluntarily when he was not specifically advised of the possibility of an increased sentence due to his prior convictions. The State, citing *German v. State* (1981), Ind., 428 N.E.2d 234, and other then-prevailing precedent, concedes error and moves this Court to vacate the convictions and remand for a trial on the merits. However, in *White v. State* (1986), Ind., 497 N.E.2d 893, we overruled *German* and held that a post-conviction petitioner who claims his guilty plea was involuntary and unintelligent but establishes only that the trial judge failed to give an advisement in accordance with Ind.Code § 35-35-1-2 has not met his burden of proof. The petitioner must plead specific facts from which the trier of fact could conclude that the judge's failure to give the omitted advisement rendered the decision to enter a plea of guilty involuntary and unintelligent. *Id.*

The record reveals that while the trial judge otherwise comprehensively advised appellant at the guilty plea hearing, the judge did not specifically inform him of the possibility of an increased sentence by reason of any prior convictions. Appellant has

not alleged, however, that had he known of that possibility he would have changed his decision to plead guilty. *Id.* There are no facts indicating that he was misled regarding the terms of the plea agreement, which provided for the minimum sentence on the Class A count, Ind.Code § 35-50-2-4, and the presumptive sentence on the Class C count, Ind.Code § 35-50-2-6, those sentences to run concurrently as well as concurrent with any sentence appellant was then serving.

Appellant was advised that the court would be bound by the State's sentencing recommendation upon accepting the plea of guilty. The likelihood that the omitted advisement affected the decision-making of appellant, who had already agreed to the recommended sentence which he knew the court was compelled to impose, is negligible at best. Absent a showing that but for the omitted advisement appellant would not have pled guilty, we cannot conclude that his guilty plea was involuntary and unintelligent.

The trial court is affirmed.

PIVARNIK, SHEPARD and DICKSON, JJ., concur.

DEBRULER, J., dissents with separate opinion.

DEBRULER, Justice, dissenting.

The plea of guilty was accepted on August 5, 1983, after the effective date of the rule announced in *German v. State* (1981), Ind., 428 N.E.2d 234, requiring strict compliance by the trial courts of the State with the provisions of the guilty plea statute then existing, which statutory provisions were declared required by due process of law in the case of *Austin v. State* (1984), Ind., 468 N.E.2d 1027. Both of these cases were recently overruled in *White v. State* (1986), Ind., 497 N.E.2d 893. For the reasons stated in my dissent in *White v. State supra,* I would reverse and remand and require that post-conviction relief be granted in the form of permission to withdraw the plea of guilty for the failure to inform appellant on the record that prior convic-

tions can be used in the sentencing process to enhance penalties as expressly required by I.C. § 35–35–1–2(a)(3).