**Herbert F. McGILL, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 785S283.

Supreme Court of Indiana.

Dec. 10, 1986.

Donald W. Pagos, Michigan City, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant pled guilty to the offenses of Voluntary Manslaughter, a Class B felony, and Robbery, a Class C felony. The court imposed consecutive sentences of twenty (20) years and seven (7) years.

On August 17, 1983, an information was filed charging appellant with Murder and Felony Murder. Appellant filed a written plea bargain agreement on November 23 and on December 2 entered a plea of guilty to the charges reflected in an amended information. His post-conviction petition, filed on October 5, 1984, alleged that the trial judge failed to advise him in accordance with the guilty plea statute and failed to advise him that the court did not have the power to order his place of incarceration. On March 8, 1985, appellant's request for relief was denied.

Appellant claims his guilty plea was not entered knowingly, intelligently and voluntarily because the trial judge failed to advise him of his right to a speedy trial as required by Ind.Code § 35-35-1-2(a)(2)(A).

In *White v. State* (1986), Ind., 497 N.E.2d 893, this Court held that a post-conviction petitioner who merely establishes that the trial judge failed to give an advisement in accordance with Ind.Code § 35-35-1-2 has not met his burden of proof. The petitioner must plead specific facts from which it can be concluded that the judge's failure to strictly comply with the statute rendered the decision to plead guilty involuntary or unintelligent. In addressing a claim that a plea of guilty was not entered voluntarily and intelligently, we will review the entire record, including the written plea agreement and any further evidence presented at the post-conviction hearing. *Id.*

The record reveals appellant was in fact informed he was waiving his right to a speedy trial. The plea agreement contained an acknowledgement of appellant's waiver of that right. At the guilty plea hearing, the trial judge read the plea agreement verbatim to appellant, in effect advis-

ing him that by entering a plea of guilty he was waiving his right to a speedy trial.

■ Appellant further claims the trial judge failed to advise him that his sentence could be increased by reason of a prior conviction or convictions and of the possibility of the imposition of consecutive sentences as required by Ind.Code § 35–35–1–2(a)(3).

That claim is also unavailing. The recommended sentencing set out in the plea agreement called for the sentences to be served consecutively; thus it is apparent appellant was aware of such possibility. Similarly, appellant agreed to enhanced sentences on both counts. Ind.Code §§ 35–50–2–5 and 6. As correctly found by the post-conviction court, the sentences were imposed not because of any prior convictions but because the trial court was bound to so sentence appellant upon accepting the plea of guilty. *See State ex rel. Goldsmith v. Marion Superior Court* (1981), 275 Ind. 545, 419 N.E.2d 109. In any event, appellant has presented no facts indicating his decision to plead guilty was affected by the omission of the statutory advisement. *White, supra.*

Appellant contends the trial court failed to advise him that the provision in the plea agreement regarding his place of confinement was unenforceable.

The provision in the plea agreement stated: "It is specifically agreed that Defendant Herbert F. McGill, Jr., shall be sentenced to a minimum or medium security facility." At the post-conviction hearing, appellant testified that he would not have accepted the plea agreement had he known the court could only recommend the place of incarceration and further testified that he had been assigned to a maximum security facility. The State presented evidence, by way of stipulation, that the testimony of appellant's trial counsel would be that counsel had informed appellant prior to the guilty plea hearing that the court could only recommend a particular placement in the correctional system.

■ In reviewing the denial of a post-conviction petition, this Court will neither reweigh the evidence nor judge the credibility of the witnesses. *Owens v. State* (1984), Ind., 464 N.E.2d 1277. There is substantial evidence to support the trial court's conclusion that appellant understood, prior to entering his plea of guilty, that the trial judge did not have the power to order the placement of appellant in a particular correctional facility.

The trial court is in all things affirmed.

PIVARNIK, SHEPARD and DICKSON, JJ., concur.

DeBRULER, J., dissents with separate opinion.

DeBRULER, Judge, dissenting.

The plea of guilty was accepted on December 2, 1983, after the effective date of the rule announced in *German v. State* (1981), Ind., 428 N.E.2d 234, requiring strict compliance by the trial courts of the State with the provisions of the guilty plea statute then existing, which statutory provisions were declared required by due process of law in the case of *Austin v. State* (1984), Ind., 468 N.E.2d 1027. Both of these cases were recently overruled in *White v. State* (1986), Ind., 497 N.E.2d 893. For the reasons stated in my dissent in *White v. State supra,* I would reverse and remand and require that post-conviction relief be granted in the form of permission to withdraw the plea of guilty.

In the situation presented in this case, I do not believe that it can be said that a criminal defendant has made an informed decision to plead guilty. There is no documentation that he was ever supplied with the information that prior convictions can have a sentence enhancing effect. Thus at the crucial times when deciding whether to accept the State's offer and whether to give up the right to a trial, we cannot know whether he had had a decent opportunity to explore the sentence enhancing effect which his own convictions might have, and then to relate that to other factors, including those which might have a sentence

diminishing effect. I continue to regard it as imperative to vigorously enforce the requirements of the statute.