Hassan FARDAN, Appellant,

v.

STATE of Indiana, Appellee.

No. 685S223.

Supreme Court of Indiana.

March 30, 1987.

Rehearing Denied May 13, 1987.

Susan K. Carpenter, Public Defender, Jo Ann Farnsworth, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

Appellant pled guilty to the offenses of Dealing in a Schedule II Controlled Substance, a Class B felony, and Dealing in a Schedule IV Controlled Substance, a Class C felony. The court imposed consecutive sentences of twenty (20) years and five (5) years.

At the time appellant entered a plea of guilty, the State filed a written sentencing recommendation in which it agreed to dismiss the charges against appellant in two unrelated causes and to forego the filing of an habitual offender allegation. No recom-

mendation as to the sentences to be imposed by the court was made. The court accepted the plea and proceeded to sentence appellant.

Appellant filed a *pro se* post-conviction petition on August 6, 1984. Following the entry of an appearance by the State Public Defender, an amended petition was filed in which appellant alleged that the trial judge had failed to advise him in accordance with the guilty plea statute prior to the entry of his guilty plea. On December 26, 1984, the court denied appellant's petition, finding in part that appellant had been advised "of the possibility of an increased sentence [due] to two of his prior convictions" and "of the possibility of consecutive sentencing".

The sole issue raised in this appeal is whether the post-conviction court erred in concluding that appellant's guilty plea was knowingly, intelligently and voluntarily entered. Appellant argues that the trial court committed reversible error by failing to advise him in accordance with Ind.Code § 35–35–1–2(a)(3) of the possibility of an increased sentence due to the fact of his prior convictions and of the possibility of consecutive sentences.

■ In *White v. State* (1986), Ind., 497 N.E.2d 893, this Court adopted a new standard to be applied to a post-conviction petition attacking the validity of a plea of guilty. A petitioner who claims his guilty plea was involuntary and unintelligent but establishes only that the trial judge omitted an advisement set out in Ind.Code § 35–35–1–2 has not met his burden of proof. The petitioner must plead specific facts from which the trier of fact could conclude that the trial judge's failure to give a statutory advisement rendered the decision to enter a plea of guilty involuntary and unintelligent. *Id.* at 905. In addressing a claim that a guilty plea was not entered voluntarily and intelligently, we will review the entire record, including all the evidence presented to the post-conviction court. *McGill v. State* (1986), Ind., 500 N.E.2d 1202; *White, supra.*

The record here reveals that at the guilty plea hearing the trial court comprehensive-ly advised appellant of the rights he was waiving and advised him of the possible range of sentences for Class B and Class C felonies. During the hearing the court posed the following question to the deputy prosecutor:

"BY THE COURT: Now State I have informed the defendant of the minimum and maximum sentence. Is this sentence increased by reason of a previous conviction, is consecutive sentencing required, or is there a parole or probation violation?

BY MR. THOMAS: There are previous convictions, but there are no parole or probation violations which I am aware of."

The court then proceeded to establish a factual basis and address the voluntariness of appellant's plea.

■ Although the trial court did not strictly comply with Ind.Code § 35–35–1–2(a)(3), the court's reference to the sentencing, made in appellant's presence prior to the entry of his plea, supports the inference that appellant was aware that the fact of his prior convictions could have an impact on his sentencing and thus supports the post-conviction court's finding that he was so advised. By the terms of the written sentencing recommendation previously filed by the State, appellant was aware that the terms of the sentences to be imposed had been left to the discretion of the court.

At the post-conviction hearing, appellant recognized that the trial court "did mention" whether consecutive sentencing was required and whether there would be an increased sentence by reason of a previous conviction, but argued that such was not sufficient to adequately inform him that he could possibly receive increased and/or consecutive sentences. Even assuming that the trial court's inquiry set out above does not support the post-conviction court's finding, the omission of a statutory advisement standing alone is not sufficient to support a conclusion that appellant's guilty plea was involuntary and unintelligent. *White, supra.*

Appellant has not alleged that he did not know of the possibilities regarding his sentencing, or that if he lacked such knowledge an awareness of those possibilities would have changed his decision to enter a plea of guilty. *Mallery v. State* (1986), Ind., 499 N.E.2d 1100. Additionally, there are no facts indicating that appellant was misled during the plea bargaining process or misled as to the terms of the State's sentencing recommendation, and there is no indication that he was otherwise coerced into pleading guilty. *White, supra.*

Absent a showing that but for the allegedly omitted advisement appellant would not have pled guilty, we are unable to conclude that his guilty plea was involuntary and unintelligent. *Mallery, supra.* If appellant has any other basis upon which to establish that his plea was not entered voluntarily and intelligently, he is entitled to file a new post-conviction petition.

The trial court is affirmed.

DeBRULER, PIVARNIK and DICKSON, JJ., concur.

SHEPARD, C.J., not participating.