Gary JACKSON, Petitioner-Appellant,

v.

STATE of Indiana,
Respondent-Appellee.

No. 21A01–8612–PC–337.

Court of Appeals of Indiana,
First District.

July 2, 1987.
Rehearing Denied Aug. 21, 1987.

Susan K. Carpenter, State Public Defender, John Pinnow, Deputy Public Defender, Indianapolis, for petitioner-appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for respondent-appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Petitioner-appellant, Gary Jackson (Jackson), appeals the decision of the Fayette Circuit Court denying his Petition for Post-Conviction Relief.

We affirm.

## STATEMENT OF THE FACTS

On May 23, 1983, Jackson was charged by Information in Fayette Circuit Court with attempted murder and criminal deviate conduct. On November 23, 1983, Jackson entered a plea of guilty to attempted murder, pursuant to a written plea agreement. The agreement provided that Jackson would plead guilty to attempted murder and receive a 20–year sentence. At the guilty plea hearing the trial court did not advise Jackson of the possibility of receiving an increased sentence because of his

prior convictions. The trial court accepted Jackson's guilty plea and ordered the probation department to prepare a pre-sentence report to aid the trial court in determining whether or not to accept the written plea agreement. Daniel Lee Pflum, Chief Probation Officer, recommended that Jackson be given a sentence of 50 years. On December 14, 1983, the trial court sentenced Jackson to the least possible sentence for attempted murder, 20 years, pursuant to the written plea agreement.

Jackson filed a petition for post-conviction relief, alleging that his guilty plea was not entered knowingly, intelligently, and voluntarily because the trial court did not inform him of the possibility of receiving an increased sentence due to his prior convictions. On July 3, 1986, following an evidentiary hearing held June 18 before the Honorable Daniel Lee Pflum, the trial court denied Jackson's request for relief. The trial court found that Jackson's plea was freely, voluntarily, and intelligently made, that he had received the minimum sentence permitted by statute for the crime, and that the failure to advise Jackson of a possible increase in sentence due to prior convictions was harmless error. Jackson instituted this appeal.

### ISSUES

Jackson presents three issues for review, which we restate as follows:

I. Whether the mere failure to advise Jackson that because of prior convictions his sentence could be enhanced is grounds for post-conviction relief without a showing of prejudice.

II. Whether the post-conviction court committed error in calling Jackson as a witness.

We will discuss the issues together.

### DISCUSSION AND DECISION

■ Jackson's first allegation is that the post-conviction court erred in denying his post-conviction petition because his guilty plea was not knowing, voluntary, and intelligent by reason of the trial court's failure to advise him of the possibility of receiving

an increased sentence due to prior convictions. Our supreme court has held that a petitioner who merely claims that his plea was involuntary and unintelligent by failure of the trial court to give an advisement in accordance with IND.CODE 35–35–1–2 has not met his burden of proof. *White v. State* (1986), Ind., 497 N.E.2d 893. In addition, a petitioner needs to plead and prove specific facts from which the finder of fact can find by a preponderance of the evidence that the trial judge's failure to fully comply with IND.CODE 35–35–1–2(a) actually rendered his plea involuntary or unintelligent because he would not have entered his plea had he been advised. *Id.* As in *White,*, Jackson does not allege any specific facts which would suggest that the omission affected his decision to enter a plea of guilty. Jackson argues, however, that retroactive application of the *White* standard of review is unconstitutional. This argument is without merit. The Indiana Supreme Court has applied *White* retroactively several times. *Dearman v. State* (1986), Ind., 500 N.E.2d 1161; *Duvall v. State* (1986), Ind., 499 N.E.2d 222; *King v. State* (1986), Ind., 499 N.E.2d 241; *Mallery v. State* (1986), Ind., 499 N.E.2d 1100; *Marshall v. State* (1986), Ind., 499 N.E.2d 211; *Reid v. State* (1986), Ind., 499 N.E.2d 207; *Simpson v. State* (1986), Ind., 499 N.E.2d 205.

■ It should also be noted that Jackson was sentenced to the least possible sentence permitted by statute for attempted murder. Attempted murder is a Class A felony. IND.CODE 35–41–5–1(a). The presumptive sentence for a Class A felony is 30 years, with not more than 10 years subtracted for mitigating circumstances nor more than 20 years added for aggravating circumstances. IND.CODE 35–50–2–4. Jackson was sentenced to 20 years pursuant to the written plea agreement. Our supreme court has held that a petitioner's plea is not rendered involuntary nor unintelligent by a trial court's failure to advise him of the possibility of an increased sentence due to prior convictions where the petitioner receives the minimum sentence authorized for his offense. *Henry v. State*

(1986), Ind., 499 N.E.2d 1074. *Accord, Willis v. State* (1986), Ind.App., 498 N.E.2d 1029. Because he was sentenced to the least possible term, Jackson cannot allege to have been harmed by any error the trial court may have committed in failing to advise him of the possibility of an increased sentence.

■ Jackson also claims that the post-conviction trial judge committed judicial misconduct because he had been previously involved in the case as the Chief Probation Officer who recommended that Jackson receive a more severe sentence than that which he finally received. Our supreme court has held that alleged misconduct of a trial judge is available on appeal only when counsel has made proper objection and requested proper relief at trial. *Micks v. State* (1967), 249 Ind. 278, 230 N.E.2d 298. A party may not sit by and fail to raise objections to matters he considers prejudicial and raise them for the first time on appeal. *Id.* Jackson did not request that Judge Pflum disqualify himself from the case because of his previous involvement nor did he register an objection. Jackson has, therefore, waived this issue.

Finally, Jackson contends that the post-conviction trial court committed judicial misconduct in calling him as a witness. The transcript of the hearing reflects that the post-conviction hearing was held June 18, 1986, some two months prior to the decision in *White, supra.* Jackson's counsel presented as his sole evidence the guilty plea transcript which reflected that the trial court had not advised Jackson that his sentence could be enhanced by reason of prior convictions. The post-conviction court suggested that Jackson be interrogated under oath. Jackson's counsel acknowledged that the plea agreement had been entered and followed. He argued, however, that at that time Indiana had adopted a harmless error doctrine, and that as a matter of law the guilty plea must be set aside. The court swore Jackson, and counsel objected as follows:

"AND THE JUDGE SAYS:

Okay, I have a couple of questions to you and I think I will want Mr. Jackson under oath cause I'll have some questions for him if [the prosecutor] does not have any.

AND MR. PINNOW SAYS:

I would object to putting Mr. Jackson under oath your honor.

AND THE JUDGE SAYS:

I think uh I will put him under oath because I do have some questions to ask him because uh, we have to determine whether or not the plea was freely, intelligently and voluntarily given and uh, there are some changes in the statute that I feel might uh, still indicates that I have to determine whether or not it was freely and voluntarily given and uh, I can't determine that strictly from the record I don't believe. First off, was there not a plea agreement in this case?

AND MR. PINNOW SAYS:

Yes your honor, there was.

AND THE JUDGE SAYS:

And were the terms of the plea agreement followed to its fullest extent?

AND MR. PINNOW SAYS:

Yes your honor.

AND THE JUDGE SAYS:

Can you tell me now how Mr. Jackson was harmed by failure to properly advise him of any increase, that his sentence could be increased because of prior convictions.

AND MR. PINNOW SAYS:

Your honor, the Indiana Supreme Court has not adopted a harmless error analysis.

AND THE JUDGE SAYS:

I, I understand that, I understand that, but I wanna know, tell me and have, let's put Mr. Jackson under oath and we'll have tell us why he was harmed by this failure.

AND MR. PINNOW SAYS:

I would still object your honor on the grounds that the guilty plea record does speak for itself."

*Record* at 100–01.

■ In response to the court's questions, Jackson admitted he had not been harmed by the trial court's failure to advise him that his sentence could be enhanced by

reason of prior convictions. In order to reserve errors for appeal a proper objection must be raised at trial. *Tyler v. State* (1968), 250 Ind. 419, 236 N.E.2d 815. Failure to object at trial for the same reasons asserted on appeal constitutes a waiver of the alleged error. *Id.* At trial Jackson objected to being put under oath. He did not object to testifying. Jackson made no objection on the ground which he now asserts and relies upon. His objection, therefore, was inadequate to preserve any alleged error for appeal. Furthermore, it should be noted that the post-conviction hearing is a civil proceeding in which discovery is available to both the petitioner and the State. Ind.Rules of Procedure, Post-Conviction Rule 1, Sec. 5. The availability of the fifth amendment protection against self-incrimination, however, is not dependent upon whether the proceeding is civil or criminal, but rather on whether the statement may be incriminating. *Martincich v. City of Hammond* (1981), Ind.App., 419 N.E.2d 240. Apparently Jackson had no right to refuse to testify inasmuch as no incriminating questions were asked of him. But we do not have to decide this.

Whatever the merits of the trial court's questioning Jackson, there is no discernible harm. The post-conviction hearing was conducted two months prior to *White,* and Jackson presented the guilty plea transcript showing the omission of advice and rested. Under *White,* decided two months later, he has failed to make a case as a matter of law. Thus, when the trial court asked him how he was harmed, and Jackson answered, as relevant here, that he was not, the result was the same. The trial court's interrogation added nothing.

The judgment, for the above reasons, is affirmed.

Judgment affirmed.

CONOVER, P.J., and ROBERTSON, J., concur.