Mark MOFFETT, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 87A01-8612-PC-336.

Court of Appeals of Indiana,
First District.

Aug. 27, 1987.

---

Susan K. Carpenter, Public Defender, Margaret S. Hills, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

The petitioner-appellant Mark Moffett appeals from the denial of his petition for post-conviction relief. On appeal he states the issue as being whether the trial court erred in finding that his guilty plea was entered knowingly, intelligently and voluntarily.

■ Ostensibly Moffett contends that he was not fully advised by the trial court that if it accepted the guilty plea the trial court would be bound by the agreement. In substance Moffett uses this appeal to constitutionally attack the retroactive application of *White v. State* (1986), Ind., 497 N.E.2d 893. Were it not for the *White* opinion Moffett's appeal from the denial of post-conviction relief would have been reviewed under the more stringent standard of review stated in *German v. State* (1981), Ind., 428 N.E.2d 234.

On two prior occasions this court has rejected constitutional attacks on the retroactive application of *White.* One rejection was summary, *Jackson v. State* (1987), Ind. App., 509 N.E.2d 885, *trans. pending,* and the other was for the more pragmatic reason that "explication of the policy and its constitutional ramifications is best left to the highest court of our state." *Patton v. State* (1987), Ind.App., 507 N.E.2d 624, *trans. pending.*

In the context of Moffett's argument that his federal and state due process rights were violated, one fact remains pervasive. *White* did not change the law that guilty pleas are to be knowingly, intelli-

gently and voluntarily made. *White* did change the standard of review:

> A petitioner who claims that his plea was involuntary and unintelligent but can only establish that the trial judge failed to give an advisement in accordance with § 35–35–1–2 has not met his burden of proof. He needs to plead specific facts from which a finder of fact could conclude by a preponderance of the evidence that the trial judge's failure to make a full inquiry in accordance with § 35–35–1–2(a) rendered his decision involuntary or unintelligent. Of course, unless the record reveals that the defendant knew or was advised at the time of his plea that he was waiving his right to a jury trial, his right of confrontation and his right against self-incrimination, *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) will require that his conviction be vacated.

497 N.E.2d at 905.

Moffett urges the application of the test announced in *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1966) in changing the retroactive application of *White.* Those factors mentioned are "the purpose to be served by the new standards, the extent of the reliance by law enforcement authorities on the old standards and, the effect on the administration of justice of a retroactive application of the new standards." 388 U.S. at 297, 87 S.Ct. at 1970. The *Stovall* court also observed:

> [T]he retroactivity or nonretroactivity of a rule is not automatically determined by the provision of the Constitution on which the dictate is based. Each constitutional rule of criminal procedure has its own distinct functions, its own background of precedent, and its own impact on the administration of justice, and the way in which these factors combine must meritably vary with the dictate involved.

388 U.S. at 297, 87 S.Ct. at 1970.

*White* is specific and eloquent on the question of why retroactive application is proper:

> Routine reversal of convictions on technical grounds imposes substantial costs on society. Chief Justice Designate Rehnquist recently enumerated these costs, and we paraphrase his de-

scription of them. Jurors, witnesses, judges, lawyers, and prosecutors may be required to commit further time and other resources to repeat a trial which has already taken place. The victims are caused to re-live frequently painful experiences in open court. The erosion of memory and the dispersal of witnesses may well make a new trial difficult or even impossible. If the latter is the case, an admitted perpetrator will be rewarded with freedom from prosecution. Such results prejudice society's interest in the prompt administration of justice, reduce the deterrent value of any punishment, and hamper the rehabilitation of wrong-doers. *United States v. Mechanik* (1986), [475] U.S. [66], 106 S.Ct. 938, 89 L.Ed.2d 50.

The *German* rule has led to reversal in instances where the trial judge's omission cannot genuinely be said to have worked an injustice or, indeed, have made any difference at all. We have concluded that a new method of inquiry for assessing collateral attacks on criminal convictions is required.

497 N.E.2d at 905.

Assuming, but not deciding, that *Stovall* standards for retroactive application apply to the case on appeal, we are of the opinion that the foregoing quote from *White* more than adequately responds to Moffett's constitutional contentions.

Turning to Moffett's other argument, the record does not clearly indicate that the trial court was, or was not bound, by the plea agreement and the State's recommendation therein. However, that showing standing alone is not sufficient, *White, supra,* for it is necessary to show that but for the omitted advisement Moffett would not have pled guilty. *Mallery v. State* (1986), Ind., 499 N.E.2d 1100. Moffett may file a new petition to make that showing if he can. *White, supra.*

Judgment affirmed.

SHIELDS, P.J., and NEAL, J., concur.