**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**KRISTINA J. JACOBUCCI**
LaPorte, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| DEANDRE WATSON, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | )  No. 46A03-1304-CR-136 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE LAPORTE SUPERIOR COURT
The Honorable Kathleen B. Lang, Judge
Cause No. 46D01-0411-FA-147

**November 26, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

De'Andre Watson appeals the revocation of his probation. We affirm.

**Issues**

Watson raises several issues, which we consolidate and restate as:

I.      whether the trial court properly ordered Watson to serve the remainder of his sentence in the Department of Correction; and

II.     whether the trial court properly calculated Watson's credit time.

**Facts**

In 2004, the State charged Watson with Class A felony dealing in cocaine. Pursuant to a plea agreement, Watson pled guilty to Class B felony dealing in cocaine, and he was sentenced to twelve years in the Department of Correction. Watson later requested a modification of his sentence, and the trial court granted the modification request. The trial court sentenced Watson to "probation for 5 years and 195 days." App. p. 178. One condition of probation was that Watson "refrain from violating any law, federal, state or local . . . ." Id. The order also provided: "During the period of probation, if it appears to the Court that you have violated any one of these conditions of your probation, the Court may, after hearing, revoke your probation and order execution of the sentence that was suspended at the time of the initial sentencing." Id. at 180. Watson was released from his incarceration on April 29, 2008.

On March 31, 2011, while still on probation, Watson was arrested in Illinois and charged with battery, resisting law enforcement, and manufacturing and dealing in a controlled substance. In Indiana, the State filed a petition to revoke Watson's probation on June 9, 2011. Watson eventually entered into a plea agreement regarding the Illinois charges and was convicted of possession of a controlled substance. On August 20, 2012, the Illinois court sentenced Watson to two years and noted that he was "entitled to receive credit for time actually served in custody for a total credit of 508 days as of the date of this order." State's Ex. 2. On August 24, 2012, Watson was released by the Illinois Department of Correction, and he was returned to custody in Indiana.

A hearing was held on the petition to revoke Watson's probation on February 21, 2013. Watson admitted that he had violated his probation. However, Watson argued that, because he received credit time in Illinois of 508 days, but only used 365 days to satisfy his Illinois sentence (i.e., half of his two-year sentence), he is entitled to an additional 143 days of credit time in Indiana.[1] On March 18, 2013, the trial court found that Watson had violated his probation. The trial court also found that Watson was not entitled to the additional 143 days of credit time because the 508 days of credit time "was applied in its entirety to the Illinois cause by the Illinois court and will not now be modified by applying some of those days to this cause." App. p. 204. The trial court concluded that Watson was entitled to 2,968 days of credit time, leaving 1,412 days

[1] At trial, Watson argued that he was entitled to 145 days of credit time, but on appeal, Watson concedes that a math error occurred. He now argues that he is entitled to 143 days of credit time. See Appellant's Br. p. 5 n.1.

3

remaining on the sentence. The trial court ordered that the remaining sentence be executed in the Department of Correction. Watson now appeals.

**Analysis**

*I. Probation Revocation*

Watson does not challenge the trial court's finding that he violated his probation. Rather, Watson argues that no portion of his modified sentence was "suspended" and, thus, the trial court could not order him to serve the remaining time in the Department of Correction. Watson bases his argument on Indiana Code § 35-38-2-3(h), which provides that, upon the revocation of probation, the trial court may impose one or more of the following sanctions: "(1) Continue the person on probation, with or without modifying or enlarging the conditions[;] (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period[;] (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing." According to Watson, he was not given a "suspended" sentence, and the trial court only had the authority to continue his probation or extend his probationary period.

"Probation is a criminal sanction wherein a convicted defendant specifically agrees to accept conditions upon his behavior in lieu of imprisonment." Carswell v. State, 721 N.E.2d 1255, 1258 (Ind. Ct. App. 1999). Indiana Code Section 35-50-2-2(a) provides that a trial court "may suspend any part of a sentence for a felony." With certain exceptions, "whenever the court suspends a sentence for a felony, it shall place the person on probation under IC 35-38-2 for a fixed period to end not later than the date that the

4

maximum sentence that may be imposed for the felony will expire." Ind. Code §35-50-2-2(c). Our courts have held that "[p]robation is merely the condition resulting from a suspended sentence." State ex rel. Wilson v. Lowdermilk, 245 Ind. 93, 99, 195 N.E.2d 476, 479 (1964); see also Thurman v. State, 162 Ind. App. 576, 578, 320 N.E.2d 795, 797 (1974) ("Before one may be placed on probation, his sentence must be suspended."); Willis v. State, 498 N.E.2d 1029, 1031 (Ind. Ct. App. 1986) ("Before the trial court could impose a term of probation, some portion of an executed sentence must first be suspended.").

When it modified Watson's sentence, the trial court sentenced him to "probation for 5 years and 195 days." App. p. 178. Although the trial court did not use proper terminology and failed to explain that it was sentencing Watson to five years and 195 days suspended to probation, the effect of the sentence was the same. All three options noted in Indiana Code § 35-38-2-3(h) upon the revocation of Watson's probation, including execution of all or part of the suspended sentence, were available to the trial court.

Watson also argues that, even if the trial court could have ordered the execution of the sentence, it abused its discretion by doing so. Watson argues that he consistently complied with the terms of his probation for three years and that his incarceration caused a signification disruption in his children's lives. "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." Prewitt v. State, 878 N.E.2d 184, 188 (Ind. 2007). A trial court's sentencing decisions for probation

5

violations are reviewable using the abuse of discretion standard. Id. "An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances." Id.

Here, despite the trial court's leniency in modifying Watson's twelve-year executed sentence and allowing him to serve the remainder of his sentence on probation, Watson committed another crime involving drugs while on probation. Under these circumstances, we cannot say that the trial court abused its discretion when it ordered Watson to serve the remaining sentence in the Department of Correction.

## II. Credit Time

Next, Watson disputes the amount of credit time that he received. The trial court found that Watson was entitled to a total credit time of 2,968 days. According to Watson, he is entitled to 143 additional days of credit time against his probation revocation sentence for time he spent incarcerated in Illinois.

Watson contends that, because he received credit time in Illinois of 508 days, but only used 365 to satisfy his Illinois sentence, he is entitled to an additional 143 days of credit time in Indiana. The trial court rejected Watson's argument and found that Watson was not entitled to the additional 143 days of credit time because the 508 days of credit time "was applied in its entirety to the Illinois cause by the Illinois court and will not now be modified by applying some of those days to this cause." App. p. 204.

"The determination of a defendant's pre-trial credit depends on (1) pretrial confinement, and (2) the pretrial confinement being a result of the criminal charge for

6

which sentence is being imposed." James v. State, 872 N.E.2d 669, 672 (Ind. Ct. App. 2007). "'However, when multistate charges have been filed against an appellant, he has the burden on appellate review to establish that his out-of-state confinement was a direct result of the criminal charges which were also filed against him by another state.'" Cohen v. State, 560 N.E.2d 1246, 1249 (Ind. 1990) (quoting Dorsey v. State, 490 N.E.2d 260, 269 (Ind. 1986), overruled on other grounds by Wright v. State, 658 N.E.2d 563 (Ind. 1995)). A defendant is not "entitled to credit on his Indiana sentence while he is incarcerated in another jurisdiction for a totally different offense." Perry v. State, 921 N.E.2d 525, 527 (Ind. Ct. App. 2010).

Watson states that he "served 143 additional days based on the warrant from La Porte County, Indiana while awaiting hearing and sentencing in the State of Indiana with which the trial court failed to credit" him. Appellant's Br. p. 14. However, Watson presented no evidence that he served the 143 days as a direct result of the Indiana probation revocation proceedings. The mere fact that an arrest warrant was eventually issued in Indiana is not enough to establish that he was entitled to the pretrial credit time. There must be some evidence that the probation revocation proceedings caused Illinois to retain custody of Watson longer than necessary to satisfy the pending Illinois charges. Given the record presented, we cannot say the trial court erred by denying Watson's request for an additional 143 days of credit time.

7

**Conclusion**

The trial court did not abuse its discretion by ordering Watson to serve his remaining sentence in the Department of Correction, and the trial court did not err by denying Watson's request for an additional 143 days of credit time. We affirm.

Affirmed.

CRONE, J., and PYLE, J., concur.